Argued and submitted February 28, reversed and remanded for reconsideration
October 11, 1995

# PHILLIP B. FERNANDEZ,
*Petitioner,*

*v.*

# BOARD OF PAROLE
# AND POST-PRISON SUPERVISION,
*Respondent.*

## (CA A82209)

904 P2d 1071

Andy Simrin, Deputy Public Defender, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender.

Robert K. Lau, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision (Board), arguing that the Board erred when it imposed a 187-month period of supervised parole following his release from custody. We reverse and remand for reconsideration.

Petitioner pled no contest to a charge of rape in the first degree for a crime committed on May 10, 1989. The trial court imposed a 240-month indeterminate sentence, with a 60-month minimum. After 53 months of incarceration, the Board released petitioner and placed him on supervised parole for 187 months, the balance of the indeterminate sentence. The Board Action Form stated that the period of supervision was set according to "OAR 255-93-000 (SB 139)." Its response to the request for administrative review elaborated:

"SB 139 was signed into law on August 18, 1993; [it] authorized the Board to amend its administrative rules to require offenders sentenced for sex offenses listed in ORS 144.103 to serve supervised parole until the expiration of the sentence."

Senate Bill 139, enacted in 1993 and codified at ORS 144.085, provides, in part:

"(1) The State Board of Parole and Post-Prison Supervision shall adopt rules providing for periods of supervised parole and post-prison supervision subject to the following:

"* * * * *

"(c) Prisoners sentenced for [rape in the first degree] shall serve a term of post-prison supervision as provided in ORS 144.103."[1]

OAR 255-93-000 provides, in part:

"(1) The minimum periods of supervised parole and post-prison supervision shall be:

"(a) Six months for crime categories 1, 2 and 3;

---

[1] ORS 144.103 provides, in part:

"Any person sentenced to a term of imprisonment for [rape in the first degree] shall serve a term of post-prison supervision that shall continue until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation."

"\* \* \* \* \*

"(2) The following minimum periods of supervised parole and post-prison supervision are an exception of section (1) of this rule:

"\* \* \* \* \*

"(d) Offenders sentenced for sex offenses listed in ORS 144.103 shall serve supervised parole or post-prison supervision until the expiration of the sentence."

Petitioner argues that the Board erred in relying on ORS 144.085(1)(c) as the basis for setting his term of supervised parole. According to petitioner, ORS 144.085(1)(c) applies only to crimes committed after September 29, 1991, and his crime was committed before that date. He reasons that ORS 144.085(1)(c) incorporates by reference the provisions of ORS 144.103, which we have previously held do not apply to crimes committed before September 29, 1991. *State v. Berkey*, 129 Or App 398, 399, 877 P2d 1238, *rev den* 320 Or 360 (1994). Therefore, he concludes, the statute does not provide authority for the Board's rule and the imposition of the 187-month period of supervised parole in this case. Petitioner concludes that the Board lacks statutory authority to apply ORS 144.085(1)(c) to him, and that the Board's rule purporting to do so is likewise invalid.

The Board's response is that ORS 144.085(1)(c) does apply to petitioner, and that, under the incorporated provisions of ORS 144.103, petitioner's term of supervised parole was correctly calculated. The Board argues that ORS 144.085(1)(c) applies to prisoners sentenced for crimes committed before September 29, 1991, because ORS 144.085(1) provides that the Board "shall adopt rules providing for periods of supervised parole and post-prison supervision." According to the Board, that language demonstrates that the date on which a crime was committed is now irrelevant to the determination of the appropriate period of post-incarceration supervision.

The Board acknowledges that the language of ORS 144.085(1)(c), on which it relied for its decision in this case, refers only to "post-prison supervision," and does not contain a reference to supervised parole. The Board further concedes that, because "post-prison supervision" is a term of art that

refers only to the period of post-incarceration supervision that is served by prisoners sentenced under the sentencing guidelines, ORS 144.085(1)(c) on its face does not appear to authorize the adoption of rules requiring supervised parole for the remainder of a prisoner's maximum statutory indeterminate sentence. Nevertheless, it contends that the legislature appears to have made a mistake in failing to include a reference to supervised parole in ORS 144.085(1)(c), and we should read into the statute what the legislature apparently inadvertently omitted.

The Board presents a twofold rationale for reading into the statute what it concedes is not actually there. First, the Board asserts that the context of the statute demonstrates that the legislature apparently intended ORS 144.085(1)(c) to include a reference to supervised parole. In particular, the Board relies on the introductory language of ORS 144.085(1), which refers to both supervised parole and post-prison supervision. The Board also argues that, because the legislature repealed the statutes that formerly determined the length of parole terms, it is obvious that the legislature intended ORS 144.085(1)(c) to refer to both supervised parole and post-prison supervision. Second, the Board relies on legislative history to support its assertion that the legislature intended ORS 144.085(1)(c) to require the adoption of rules relating to supervised parole as well as post-prison supervision.

We review the Board's order for an erroneous interpretation of a provision of law. ORS 183.482(8); *Price v. Board of Parole*, 301 Or 393, 396-97, 723 P2d 314 (1986). In this case, the issue is whether the Board erroneously interpreted ORS 144.085(1)(c) to apply to petitioner. We conclude that the Board did erroneously interpret the statute.

Even if we assume, for the sake of argument, that the Board is correct that both the context and the legislative history demonstrate that the legislature inadvertently omitted any reference to supervised parole in ORS 144.085(1)(c), we must reject the Board's invitation on that basis to read into the statute what is simply not there.

Although our task always is to attempt to construe statutes to effectuate the intentions of the legislature, *PGE v.*

*Bureau of Labor and Industries,* 317 Or 606, 610, 859 P2d 1143 (1993), we are constrained by the reasonable construction of language that the legislature actually enacted. ORS 174.010 provides:

> "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted or to omit what has been inserted * * *."

*PGE,* 317 Or at 612.[2]

■ If the legislature mistakenly omits language from a statute, it is for the legislature to correct the mistake. *State v. Vasquez-Rubio,* 134 Or App 646, 653, 897 P2d 324 (1995); *Eslamizar v. American States Ins. Co.,* 134 Or App 138, 145 n 3, 894 P2d 1195 (1995).

■ The Board insists that to refrain from "construing" the statute as it suggests renders ORS 144.085(1)(c) a redundancy, because, without the interpolation of a reference to supervised parole, the statute simply repeats what is already contained in ORS 144.103. According to the Board, we are required to avoid such interpretations that would render statutory language superfluous. The Board, however, misperceives the nature of the canon of construction on which it relies. We are required to construe statutory language in a manner that gives that language some effect only if we may do so without altering the language itself by adding to it words that the legislature omitted or by omitting words that the legislature included. *S-W Floor Cover Shop v. Natl. Council on Comp. Ins.,* 318 Or 614, 631, 872 P2d 1 (1994). In this case, because we cannot read ORS 144.085(1)(c) as the Board

---

[2] The rule that we may not insert language into a statute has constitutional dimensions as well. Only actual statutory language has gone through the prescribed procedures for enactment of legislation. *See* Or Const, Art IV, § 25; Art V, § 15b. Intentions of the legislature that have not found expression in actual statutory language have not satisfied the constitutional requirements for enactment and simply are not law. *Faverty v. McDonald's Restaurants,* 133 Or App 514, 533, 892 P2d 703, *rev allowed* 321 Or 512 (1995). In a related vein, to insert by judicial fiat language into a statute that has not been subjected to the legislative process implicates serious separation of powers concerns. Or Const, Art III, § 1. While the reasonable construction of language that the legislature actually has enacted is a *routine* exercise of the judicial power, the insertion of language that the legislature did not enact is quite another matter. *Zidell Marine Corp. v. West Painting, Inc.,* 133 Or App 726, 739, 894 P2d 481, *rev allowed* 321 Or 284 (1995) (Landau, J., concurring).

suggests without adding language to the statute, the canon of avoiding a construction that renders statutory language meaningless does not apply.

■        We conclude that the Board erroneously interpreted ORS 144.085(1)(c) to require the adoption of a rule requiring supervised parole for the balance of a prisoner's sentence.

■        We do not address the possibility that the Board could have validly promulgated the current rule pursuant to some current statutory authority other than ORS 144.085-(1)(c). That issue has not been raised by any party, and we will not, *sua sponte*, consider it for the first time on judicial review. The Board plainly predicated its rule and its decision in this case on the assumption that ORS 144.085(1)(c) requires prisoners to be subject to supervised parole for the balance of their sentence, and we hold only that the Board's reading of the law is incorrect.

Reversed and remanded for reconsideration.