Argued and submitted October 31, reversed and remanded for reconsideration
November 29, 1995

GERALD LEE BEAGLE,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A85762)

906 P2d 866

Alan H. Biedermann, Deputy Public Defender, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender.

Robert K. Lau, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

PER CURIAM

## PER CURIAM

■ Petitioner seeks review of a final order of the Board of Parole and Post-Prison Supervision (Board) imposing, pursuant to ORS 144.085(1)(c), a period of supervised parole for pre-guidelines convictions extending from his release date to the expiration of his sentence. The Board lacked the authority to impose the sentence of supervised parole. *Fernandez v. Board of Parole*, 137 Or App 247, 904 P2d 1071 (1995).

■ The state argues, however, that any error by the Board is harmless here, because petitioner must serve a term of *post-prison supervision*, for other post-guidelines convictions, and that that post-prison supervision extends beyond the period of supervised parole imposed in this case. Based on this record, and the arguments presented, however, we are unable to determine whether the Board's error was harmless. The state may be correct that, ultimately, petitioner will be under supervision for the same, or a longer period of time. However, the state does not contend, and we cannot conclude that, in this case, all the ramifications of serving supervised probation for pre-guidelines convictions are the same as those related to serving post-prison supervision for post-guidelines convictions.[1] Thus, we are unable to conclude that the Board's error was harmless.

Reversed and remanded for reconsideration.

---

[1] The record does not show, for example, whether or not any violation of supervised parole would pose a greater risk of incarceration, or incarceration for a longer time, than a violation of post-prison supervision.