Argued and submitted May 30, affirmed October 2, 1996

# STATE OF OREGON,
*Respondent,*

*v.*

# JESSE JAMES SPINO,
*Appellant.*

(94-398; CA A88854)

925 P2d 101

Dan Maloney, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Haselton, Judges.

LANDAU, J.

**LANDAU, J.**

Defendant appeals his conviction for criminally negligent homicide, ORS 163.145, challenging the portion of his sentence that orders him to make restitution to the Criminal Injuries Compensation Account (Account).[1] We affirm.

Following defendant's guilty plea, the trial court sentenced him, among other things, to pay $2,884.37 to the Account to cover funeral, medical and ambulance charges that the Account had paid out on behalf of the deceased victim. The Account, which is administered by the Oregon Department of Justice, compensates victims of crime and their survivors for such losses resulting from a victim's death or injury. ORS 147.005 through ORS 147.375.

Defendant's sole assignment of error is that the trial court lacked authority to order restitution to the Account. He argues that ORS 137.106, which allows a court to order that a defendant "make restitution to the victim," does not authorize the court to require payment of restitution to the Account, because the Account is not a "victim" within ORS 137.103(4). We disagree.

We review the trial court's decision for compliance with the requirements of the sentencing law. ORS 138.222-(4)(a). Because the issue involves the construction of a statute, we attempt to discern the legislature's intent, looking first to the text and context of the statute. In that first level of analysis, we assume that the legislature intended words of common usage to be given their plain, natural and ordinary meaning. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993).

ORS 137.106 provides, in part:

"When a person is convicted of criminal activities, * * * which have resulted in pecuniary damages, * * * [i]n addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim."

---

[1] The Judgment of Conviction and Sentence orders defendant to make restitution to the "Crime Victims' Programs." The state, in its brief, refers to the "Crime Victims Compensation Fund." We refer to the program by its statutory name, "Criminal Injuries Compensation Account," ORS 147.225, or simply "Account."

ORS 137.103(4) defines "victim" as

> "any *person* whom the court determines has suffered pecuniary damages as a result of the defendant's criminal activities; 'victim' shall not include any coparticipant in the defendant's criminal activities."

(Emphasis supplied.) "Person" is not defined in the restitution statutes. The term is defined in the Criminal Code as a "human being and, where appropriate, a public or private corporation, an unincorporated association, a partnership, a government or a governmental instrumentality." ORS 161.015(5). The definitions in ORS 161.015 expressly apply to "chapter 743, Oregon Laws 1971," which is commonly known as the Criminal Code. There is, however, considerable interconnection between the Criminal Code and the restitution statute. ORS chapter 137 repeatedly refers, for example, to "a person [who] is convicted of criminal activities," *see, e.g.,* ORS 137.106, and "any person * * * convicted of a felony," ORS 137.120 and ORS 137.275, clearly using the term "person" in its Criminal Code sense. Moreover, the Criminal Code generally governs the "punishment for any offense," ORS 161.035, and a sentence of restitution is a relevant part of that punishment. *State v. Nelson,* 127 Or App 741, 742, 874 P2d 108 (1994) (an order of restitution is part of a defendant's sentence).

It is apparent, therefore, that the legislature did not intend that references to the word "person" in the restitution statute should mean something different from the definition of the term in the Criminal Code. That definition includes a "government instrumentality." The Account being such a governmental entity, it follows that it is a "person" within the meaning of ORS 137.103(4).

■ Defendant argues that, in any event, the Account is not a "victim" because it has not suffered pecuniary damages as a result of his criminal activities. According to defendant, the Account "cannot place itself as a victim under the restitution statutes by its unilateral actions in advancing money to designated beneficiaries." Only those who are contractually obligated to pay damages to an injured party, defendant contends, may be considered to have suffered pecuniary damages within the meaning of ORS 137.106. The language of the

statute, however, does not impose such a "contractual obligation" limitation to recovery. "Pecuniary damages" is defined in ORS 137.103(2) as:

"[A]ll special damages, but not general damages, *which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities* and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses and costs of psychological treatment or counseling."

(Emphasis supplied.) By the terms of the statute, pecuniary damages are defined by the extent to which any victim has a right to recover from a defendant, not by the extent to which an "indirect" victim became damaged as a consequence of contractual liability to the "direct" victim. *See State v. Dillon*, 292 Or 172, 182, 637 P2d 602 (1981) (restitution limited to damages "which could be recovered against the defendant in a civil action"). Defendant does not contend that the Account has no right to seek civil damages from him. *See* ORS 147.345(1) ("acceptance of an award [from the Account] shall subrogate the state, to the extent of such award, to any right or right of action accruing to the applicant or recipient against the assailant or any other person or entity liable for the injury constituting the basis for the award"). We lack authority to insert into the statute the condition of contractual obligation. ORS 174.010; *Fernandez v. Board of Parole*, 137 Or App 247, 252, 904 P2d 1071 (1995). We conclude, therefore, that the trial court did not err in ordering defendant to make restitution to the Account.

Affirmed.