Argued and submitted June 13, affirmed November 19, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEJANDRO ROMERO-NAVARRO,
*Defendant-Appellant.*

Washington County Circuit Court
C042590CR; A131996

197 P3d 30

Daniel J. Casey argued the cause and filed the brief for appellant.

Christina M. Hutchins, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

Defendant appeals a judgment of conviction for manslaughter in the first degree, ORS 163.118(1)(a),[1] and assigns as error the trial court's award of restitution to the victim's parents and to the Criminal Injuries Compensation Account (Account). We affirm.

The following facts appear to be undisputed by the parties. Defendant was convicted for fatally stabbing the victim, who was approximately 17 years old at the time of his death. At the sentencing hearing, the state sought restitution in the amount of $12,499 for the victim's burial expenses. The prosecutor informed the court that the Account had reimbursed the victim's family for $3,750 of those expenses and that the employer of the victim's father had paid the remaining expenses of $8,749.[2] According to the prosecutor, the victim's father intended to pay his employer back but that, for purposes of restitution, the court should consider the employer's payment as a gift to the victim's family. Defendant argued that, as to the sum paid by the employer, "[W]e have an offset by payment from a third party with no right of subrogation, therefore, the amount of restitution has to be reduced[.]" As to the amount paid by the Account, defendant argued, "I'm asking the court not to assess that as restitution because money has been paid from friends, neighbors, loved ones to the [victim's] family * * *."

The trial court rejected defendant's arguments, reasoning that, "[i]f the [victim's family] sued the defendant, they would have an economic damage claim that relates to the funeral expenses. The fact that they got a gift wouldn't preclude them from getting economic damages." The court also reasoned that the "Department of Justice [would] have an economic damage claim of $3,750 in a civil lawsuit," and, accordingly, the court awarded both amounts as restitution.

---

[1] The statutory citations in this opinion refer to the 2005 version of the Oregon Revised Statutes.

[2] The summary of expenses in the record as an exhibit states, "([B]alance of funeral expenses; church fees, tent, grave markers, clothes) $8,749.00" and "(maximum allowed for funeral) $3750.00."

On appeal, defendant argues that the victim's parents did not "incur" any burial and memorial expenses, as required by the statute governing restitution, because of the employer's gift and because the Account compensated the victim's family rather than the victim. The state responds that both amounts of restitution were authorized under ORS 137.106, which provides, in part:

"(1)   When a person is convicted of a crime * * * that has resulted in economic damages, the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages. If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall:

"(a)   Include in the judgment a requirement that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court[.]"

For purposes of ORS 137.106, the term "economic damages" has the meaning given that term in ORS 31.710, except that the term does not include future impairment of earning capacity. ORS 137.103(2). ORS 31.710(2)(a), in turn, provides that the phrase " '[e]conomic damages' means objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for * * * burial and memorial expenses[.]"[3] Finally, under ORS 137.103(4), a "victim" for purposes of ORS 137.106 means

"(a)   The person against whom the defendant committed the criminal offense, if the court determines that the person has suffered economic damages as a result of the offense.

"(b)   Any person not described in paragraph (a) of this subsection whom the court determines has suffered economic damages as a result of the defendant's criminal activities.

---

[3] The parties assume for purposes of their arguments that ORS 31.710(2) requires that burial and memorial expenses be "incurred." For purposes of this opinion only, we adopt their understanding of the meaning of the statute.

"(c) The Criminal Injuries Compensation Account, if it has expended moneys on behalf of a victim described in paragraph (a) of this subsection."

In light of the above statutes, we turn first to the issue of whether restitution was authorized with respect to the gift to the victim's parents by the employer of the victim's father. Under ORS 137.103(4)(b), the parents could be a "victim" for purposes of ORS 137.106 if they suffered "economic damages" as a result of defendant's crime. Whether they suffered "economic damages" depends in this case on whether they "incurred" objectively verifiable money losses for burial and memorial expenses. ORS 31.710(2)(a). Thus, our task is to discern the legislature's intent when it used the word "incurred" in ORS 31.710(2)(a).

■ The word "incurred" is not defined in ORS 137.103 as are other terms used in ORS 137.106. Consequently, we assume that the legislature intended the term to have its ordinary meaning. The commonplace meaning of the word "incur" is to "become liable or subject to." *Webster's Third New Int'l Dictionary* 1146 (unabridged ed 2002); *White v. Jubitz Corp.*, 219 Or App 62, 66, 182 P3d 215, *rev allowed*, 345 Or 175 (2008) (so holding). In *White*, we held that "reasonable charges necessarily incurred" for purposes of ORS 31.710(2)(a) are those medical expenses that a plaintiff has become subject to, regardless of whether a third party ultimately pays or writes off a portion of those expenses. We see no meaningful distinction with regard to burial expenses under the language of ORS 31.710(2)(a).[4] There is a reasonable inference from the record that the victim's family was *subjected* to the enumerated burial expenses for their child, and would have had to pay them if the employer had not paid them. Thus, they "incurred" them for purposes of ORS 31.710(2)(a).[5]

---

[4] *See also PGE v. Jungwirth Logging, Inc.*, 151 Or App 789, 793, 951 P2d 1101 (1997), *rev den*, 327 Or 432 (1998) (holding that, for purposes of reimbursement under ORS 757.805(2), the word "incurred" refers to being subjected to costs and expenses as well as being liable for them).

[5] Defendant appears to make additional arguments on appeal, but those arguments raise issues not preserved in the trial court and we therefore do not address them. ORAP 5.45.

■   We turn next to the issue of whether the Account is entitled to be awarded restitution. The Account is a "victim" under ORS 137.103(4)(c) "if it has expended moneys on behalf of a victim" described in ORS 137.103(4)(a). A "victim" under paragraph (a) is a "person against whom the defendant committed the criminal offense if the court determines that the person has suffered economic damages as a result of the offense." Under ORS 31.710(2)(a), "economic damages" include "burial and memorial expenses." In this case, had the victim's estate brought an action against defendant, defendant would have been liable for the victim's burial and memorial expenses under ORS 137.106. The Account therefore expended monies on behalf of a "victim," the victim's estate. It follows that the trial court did not err when it concluded that the Account was a "victim."

Affirmed.