ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This matter is before the court on Plaintiff's Motion for Summary Judgment (motion) filed January 31, 2008. Oral argument was held in the Oregon Tax Court in Salem, Oregon on May 29, 2008. Plaintiff was represented by David Force. Defendant was represented by Douglas Adair.
 I. STATEMENT OF FACTS
Plaintiff appeals the 2003 Oregon inheritance tax assessment based on the value of the estate's real property. William R. Pierson (Pierson) died testate in Springfield, Oregon, on January 1, 2003. (Ptf's Mot for Summ J at 2.) The subject property is a 237-acre farm in Jackson County. At the time of Pierson's death, the property was a working farm. (Id.) Since that time, the property has continued as a farm operated by the decedent's son, John S. Pierson. (Id.) On March 30, 2004, the estate filed a United States Estate Tax Return and made a Section 2032A Farming Election. (Id. at Ex 1.) On October 2, 2006, the Internal Revenue Service (IRS) issued an Estate Tax Closing Document showing a determination of a net estate tax of $0.00 and a state death tax credit of $0.00. (Id. at Ex 3.) Subsequently, on April 25, 2007, the Oregon *Page 2 
Department of Revenue (department) issued a Notice of Deficiency assessing additional tax in the amount of $26,767 plus interest. (Ptf's Compl at 1, 5-8).
The issue before the court is whether the department is required by ORS 118.010(2)[1] to follow the precise federal estate tax determination in assessing 2003 state inheritance tax.
Plaintiff argues that the department is always required to follow the tax computations of the IRS. She states that the federal exemption allowed pursuant to Internal Revenue Code (IRC) section 2032A resulted in no estate tax liability and a state death tax credit of zero. Plaintiff contends that the federal determination of a state death tax credit in the amount of $0.00 must result in a state inheritance tax of $0.00 as a matter of state law. In support of that position, she points to the wording of ORS 118.010(2), which states, "[t]he tax imposed under this section shall equal the maximum amount of the state death tax credit allowable against the federal estate tax under section 2011 of the Internal Revenue Code." ORS 118.010(2) (emphasis added). In addition, Plaintiff argues that ORS 118.100(1), which adopts the date the federal estate tax is payable for payment of state inheritance tax, was intended by the legislature to result in no tax due to the state in instances where no federal tax is owed. Finally, Plaintiff argues that the Oregon Inheritance Tax scheme contains a "policy of encouraging family farms to continue after the death of an ancestor." (Ptf's Mot for Summ J at 7.)
Defendant strongly disagrees with the valuation of the property as determined by the Estate. Defendant argues that the preceding federal determination is not binding upon the department in calculating the state inheritance tax. In support of that position, the department points to the wording of ORS 118.010(2), which states, "[t]he tax imposed under this section shall equal the maximum amount of the state death tax credit allowable against the federal estate *Page 3 
tax under section 2011 of the Internal Revenue Code." ORS 118.010(2) (emphasis added). Defendant asserts that Plaintiff's valuation of the property is inconsistent with state law. Defendant accepts the section 2032A election made by Plaintiff; however, it argues that the Oregon statutory reference to the IRC for the meaning of terms as found in ORS118.007 is merely a connection to the 2000 IRC and not an express adoption of specific IRS determinations for calculating state inheritance tax. (Def's Resp to Ptf's Mot for Summ J.)
 II. ANALYSIS
A. Maximum Amount of the State Death Tax Credit Allowable
ORS 118.010 provides the statutory basis for the calculation of Oregon Inheritance Tax. Oregon courts interpret state statutes in accordance with the method described in PGE v. Bureau of Labor and Industries,317 Or 606, 610-12, 859 P2d 1143 (1993). The objective is to ascertain the meaning of the statute that the legislature enacting it intended.Id. at 610. See also ORS 174.020 ("In the construction of a statute, a court shall pursue the intention of the legislature if possible."). "[W]e do not look at one subsection of a statute in a vacuum; rather, we construe each part together with the other parts in an attempt to produce a harmonious whole." Lane County v. LCDC, 325 Or 569, 578,942 P2d 278 (1997). The "same statute" can refer to the same chapter in which a provision has been codified. E.g., Morsman v. City ofMadras, 203 Or App 546, 561, 126 P3d 6, rev den, 340 Or 483 (2006). Thus, the court must turn to other provisions of chapter 118 in construing the definition of the "state death tax credit allowable" in ORS 118.010(2).
ORS Chapter 118 provides that "[a]ny term used in ORS 118.005 to118.840 has the same meaning as when used in a comparable context in the laws of the federal Internal Revenue Code relating to federal estate taxes, unless a different meaning is clearly required or the term *Page 4 
is specifically defined in ORS 118.005 to 118.840." ORS 118.007 (2003); Or Laws 2003, ch. 806, § 2. ORS 118.007 was enacted in 2003 and made retroactive to "inheritance taxes imposed on transfers of property occurring due to decedents dying on or after January 1, 1998." Or Laws 2003, ch. 806, § 3.
The term "allowable" clearly refers to a permissible action; it is not always formal, restrictive and binding. Defendant may undertake its own analysis and determination using federal law as its guideline. Its independence is not restricted by the valuation conclusions of others.
ORS 118.010(2) specifically refers to the "maximum amount of the state death tax credit allowable" under section 2011 of the IRC. Section 2011
defines the "credit for state death taxes" as "the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State * * * in respect of any property included in the gross estate." IRC § 2011(a) (2000) (emphasis added). The subject property was listed on Schedule A and is therefore included in the gross estate. (Ptf's Mot for Summ J, Ex 1.) Section 2011 goes on to provide for a credit equal to the amount actually paid to the state "not [to] exceed the appropriate amount stated" in the accompanying table, which contains a formula for calculating the "maximum tax credit." IRC § 2011(b) (2000).
It is the text of the statute that is the focus of the analysis, that is, the words actually enacted into law. "Inchoate intentions are not law, only those intentions that are manifested in language that is enacted." Faverty v. McDonald's Restaurants, 133 Or App 514, 533,892 P2d 703 (1995). In enacting ORS 118.010(2), the state legislature specifically used the phrases "section 2011 of the Internal Revenue Code" and "state death tax credit." IRC section 2011 is entitled "Credit for State death taxes," and the only "maximum" that is *Page 5 
described in section 2011 is the "maximum tax credit" shown in the table that makes up section 2011(b). IRC § 2011(b) (2000). Thus, ORS118.010(2) expressly references the table in section 2011(b) of the Internal Revenue Code for state inheritance tax calculations.
B. State Policy of Encouraging Family Farms to Continue
"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]" ORS 174.010; see also Fernandez v. Board of Parole,137 Or App 247, 252, 904 P2d 1071 (1995) ("we are constrained by the reasonable construction of language that the legislature actually enacted"). "[T]ext should not be read in isolation but must be considered in context." Stevens v. Czerniak, 336 Or 392, 401, 84 P3d 140 (2004) (citations omitted); Lane County v. LCDC, 325 Or at 578, ("we do not look at one subsection of a statute in a vacuum; rather, we construe each part together with the other parts in an attempt to produce a harmonious whole"). Context includes prior construction of other, related statutes. Keller v. Armstrong World Industries, Inc., 342 Or 23,35, 147 P3d 1154 (2006).
Plaintiff points to a footnote in Smith v. Clackamas County,313 Or 519, 836 P2d 716 (1992) to support her assertion that the Oregon Legislature has a strong policy in favor of maintaining family farms. (Ptf's Mot for Summ J at 7.) The Smith court construed ORS 215.243 as it applied to an attempt by a landowner to establish a dwelling on property within an exclusive farm use zone. The court found that the legislative intent was to "discourage speculators from using the tax provisions for farmers." Id. at 525. The footnote relied upon by Plaintiff states that the philosophy of the legislature demonstrated in the bill's inheritance tax provisions was "to keep the economical farm units intact."Id. at 526 n 8. The provision referred to in that footnote isformer ORS 118.155, which provided that "[i]nterests in real property passing by reason of *Page 6 
death that had received special assessment as farm use land * * * for the tax year immediately preceding the date of death of the decedent shall be valued for [inheritance tax purposes] at its value for farm use [.]" Or Laws 1973, ch 503, § 13, repealed by Or Laws 1997, ch. 99, § 24.
Even though prior judicial construction of a statute is instructive in construing some legislative intent, Plaintiff appropriately concedes that the Oregon inheritance tax scheme has been radically altered sinceSmith was decided. (Ptf's Mot for Summ J at 7.) Not only has ORS 118.155
been repealed since Smith was decided, but ORS 118.010 (7), another statute Plaintiff cites to support her argument relating to a policy favoring family farms, did not become effective until November 26, 2003, and is therefore not applicable in this case. ORS 118.010 (7) (2003), [2] Or Laws 2003, ch. 806, § 6.
Finally, the 2007 Oregon Legislature enacted ORS 118.140 (2007), providing a valuation scheme for computing the tax imposed under ORS118.010 that expressly excludes the value of natural resource property including farm use property as defined in ORS 308A.250. Or Laws 2007, ch. 843, § 68. ORS 118.140 (2007) was made applicable to decedents dying on or after January 1, 2007, and is therefore not pertinent to the immediate case before this court. Or Laws 2007, ch. 843, § 69. Thus, there was no state inheritance tax provision providing an express exemption for farm use property prior to 2007, and Plaintiff's argument, that the state inheritance tax scheme contains a policy of encouraging family farms to continue, fails.
 III. CONCLUSION
Based on the foregoing, the court concludes that the statutory authority for Defendant to expressly calculate the state inheritance tax is found in ORS 118.010(2). The federal determination of federal estate tax is not binding upon the state in its separate and distinct *Page 7 
calculation of the Oregon inheritance tax. Instead, the state tax imposed is appropriately determined based upon the formula contained in IRC section 2011(b)(1) (2000) as expressly adopted in ORS 118.010(2). Now, therefore,
IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied. The case shall next proceed in the Magistrate Division for all matters relating to estate valuation for tax year 2003.
Dated this ____ day of December 2008.
This interim order may not be appealed. Any claim of error in regardto this order should be raised in an appeal of the Magistrate's finalwritten decision when all issues have been resolved. ORS 305.501.
[1] All references to the Oregon Revised Statutes (ORS) are to 2001 unless otherwise noted.
[2] ORS 118.010(7) (2003) provides that the department "may adopt rules providing for a separate election for state inheritance tax purposes" based on elections made in the federal estate tax return. (Emphasis added.)