Submitted November 24, 2009, judgment of restitution reversed and remanded for resentencing; otherwise affirmed September 1, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DONNA MARIE PATTON,
*Defendant-Appellant.*

Klamath County Circuit Court
0402457CR; A138186

238 P3d 439

Peter Gartlan, Chief Defender, and Mary M. Reese, Deputy Public Defender, Appellate Division, Office of Public Defense Services, submitted the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, submitted the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

### LANDAU, P. J.

At issue in this criminal case is whether the estate of a victim is itself a "person" that is entitled to restitution as a "victim" under ORS 137.106. The trial court answered that question in the affirmative and ordered defendant to pay restitution to the estate of the victim. The relevant statutory definition of "person," however, is limited to a human being, a public or private corporation, an unincorporated association, or a government entity. Because it is undisputed that a personal estate qualifies as none of those, we must conclude that it is not a "person" entitled to restitution under ORS 137.106. We therefore reverse and remand for resentencing.

The relevant facts are uncontested. In 2003, defendant stole $18,800 from her elderly grandfather, Howard Hamlow. In 2006, she pleaded no contest to one count of theft in the first degree, ORS 164.055. As a part of her plea agreement, she agreed to pay Hamlow restitution in an amount to be determined by the court at a later restitution hearing. After that, and before the restitution hearing, Hamlow died.

At the restitution hearing in 2007, defendant asked the court not to order restitution, because the victim had died. The court took judicial notice of the fact that a small estate probate proceeding concerning Hamlow's property had been initiated. Defendant responded that the estate is not a "victim" within the meaning of the statute. The trial court later imposed a sentence of probation and, as a condition of probation, ordered defendant to pay restitution to the estate. In a letter opinion, the court explained that defendant "argues that there can be no restitution judgment because the victim has died and the money will now go to his estate. I disagree. The estate can receive restitution just as could a corporation, municipality, or other legal entity."

Defendant appeals, arguing that the trial court erred in ordering her to pay restitution. According to defendant, ORS 137.106 authorizes restitution to a "victim," but a "victim" is a "person" who has suffered pecuniary damage as a result of a defendant's criminal activities. A "person," defendant argues, is defined in ORS 161.015(5) as consisting of only one of four entities: (1) a human being; (2) a corporation; (3) an unincorporated association; and (4) a government

or government instrumentality. In this case, defendant contends, because a decedent's estate is none of those four entities, it is not a "person" that may qualify as a "victim" entitled to restitution.

The state first responds that defendant's contention is unpreserved. The state concedes that defendant argued to the trial court that the estate is not a "victim" within the meaning of ORS 137.106 and that "it is arguable that defendant sufficiently raised the issue." It nevertheless contends that the particular argument that she is advancing on appeal is somewhat more refined, in that it relies on contextual sources of legislative intent—specifically ORS 161.015(5)—that were not fleshed out to the trial court.

■■ We readily conclude that defendant adequately preserved the contention that she advances on appeal. She clearly placed the correct meaning of the term "victim" under ORS 137.106 before the trial court and specifically argued that the estate does not qualify. Once the meaning of a statute is placed before the court, it is our obligation to get that meaning right. *State v. Smith*, 184 Or App 118, 122, 55 P3d 553 (2002). That defendant may have failed to mention other statutes as context for her argument to the trial court is of no consequence. *See, e.g., State v. Carr*, 319 Or 408, 412, 877 P2d 1192 (1994) (relying on statutes not cited by either party as context for statutory construction purposes).

■ On the merits, the state acknowledges that, under ORS 137.106, a "victim" is a "person" who has suffered pecuniary loss as a result of criminal conduct. The state further acknowledges that the relevant definition of the term "person," for restitution purposes, is the one set out in ORS 161.015(5) and that the definition, "while including 'human beings,' does not include a person's legal estate, as an estate simply consists of the person's property." The state nevertheless argues that the estate in this case is a "victim" entitled to restitution for two reasons. First, relying on what it acknowledges as *dictum* in our opinion in *State v. Romero-Navarro*, 224 Or App 25, 197 P3d 30 (2008), *rev den*, 348 Or 13 (2010), the state argues that, because the estate could have sued defendant to recover Hamlow's losses, we should treat it, for restitution purposes, as Hamlow himself, who is clearly the

victim of defendant's crime. Second, the state contends that, because the legislature clearly intended the restitution statute to be broadly applied, we should not consider ourselves hampered by its wording.

ORS 137.106 (2001)[1] provides that,

"[w]hen a person is convicted of a crime * * * that has resulted in pecuniary damages, * * * the district attorney shall investigate and present to the court, prior to or at the time of sentencing, evidence of the nature and amount of such damages. In addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim."

ORS 137.103(4) (2001) defines "victim" as "any *person* whom the court determines has suffered pecuniary damages as a result of the defendant's criminal activities[.]"[2] (Emphasis added.) "Person" is not defined in the restitution statutes. In *State v. Spino*, 143 Or App 619, 622, 925 P2d 101 (1996), however, we held that the term "person," for purposes of ORS 137.103(4) has the meaning set forth in ORS 161.015(5), which provides, in part, that " '[p]erson' means a human being and, where appropriate, a public or private corporation, an unincorporated association, a partnership, a government or a governmental instrumentality."

As we have noted, on its face, the statute defines the term "person" as one of four entities. An estate of a decedent does not qualify as any of those four. Under Oregon law, an estate consists of "the real and personal property of a decedent," ORS 111.005(15), and as a "decedent's property subject to administration in Oregon." ORS 114.505(3). As the state correctly concedes, the property of a decedent is not a human being; nor is it a public or private corporation, an unincorporated association, or a government entity. We are prohibited, by statutory command and by constitutional principle, from

---

[1] Defendant was convicted based on conduct alleged to have been committed in 2003. In 2003, the Legislative Assembly amended ORS 137.106; however, the amendments were not effective until January 1, 2004, Or Laws 2003, ch 670, § 1, and are not applicable to this case.

[2] ORS 137.103(2) (2001) defined "pecuniary damages" as "all special damages * * * which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of the property taken[.]"

adding words to a statute that the legislature has omitted. ORS 174.010 ("In the construction of a statute, the office of a judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted or to omit what has been inserted[.]"); *see also Crooked River Ranch Water Company v. PUC*, 224 Or App 485, 490, 198 P3d 967 (2008) ("Of course, we cannot supply language that the legislature has omitted."); *Fernandez v. Board of Parole*, 137 Or App 247, 252, 904 P2d 1071 (1995) ("we are constrained by the reasonable construction of language that the legislature actually enacted").

Neither of the state's arguments is sufficient to overcome the absence of statutory wording broad enough to include a victim's estate. First, *Romero-Navarro* is not to the contrary. In that case, the defendant was convicted of manslaughter for fatally stabbing the victim. The Criminal Injuries Compensation Account reimbursed the victim's family for funeral expenses and sought restitution. The trial court made an award of restitution to the Account. 224 Or App at 27. On appeal, the defendant argued that the Account is not a "victim" entitled to restitution. *Id.* at 28. We noted that, to the contrary, ORS 137.103(4) provides that, in addition to "victims" of a crime, the Account itself is expressly authorized to receive restitution "if it has expended money on behalf of a victim." *Id.* at 30. The question, we noted, is whether the Account spent money on behalf of the "victim" when it paid funeral expenses on behalf of the victim's family. We concluded that payment of those expenses on behalf of the family was a payment on behalf of the victim. *Id.* Unfortunately, in explaining that point, we referred to the victim's family as "the victim's estate." *Id.* We noted that, "had the victim's estate brought an action against defendant, defendant would have been liable for the victim's burial and memorial expenses under ORS 137.106." Clearly, the statement was intended to refer to the family, not the victim's estate, as there was no evidence in that case that the Account had paid anything to the victim's estate. The state, in fact, acknowledges that the reference is something of an anomaly and concedes that, in *Romero-Navarro*, there actually was no issue about whether *the estate* was a "victim" within the meaning of the statute. The statement in *Romero-Navarro*—most

likely an inadvertent slip and at best *dictum*—is not sufficient to overcome the wording of the statute.

Second, the state's policy argument is likewise inadequate. According to the state, as a matter of policy, the fortuity of the victim's death after a conviction should not prevent a defendant from being held accountable for monetary loss that he or she causes. The state notes that the legislative history of the 2001 version of the statute shows that it was intended to expand the availability of restitution over what had been authorized by the earlier version, *former* ORS 137.540(10) (1975). The state's reading of the legislative history is accurate enough, as far as it goes. The fact that the legislature intended to broaden the statute, however, does not mean that it intended to broaden it as far as the state suggests.

The restitution statute originally provided for restitution to an "aggrieved party." In *State v. Stalheim*, 275 Or 683, 688, 552 P2d 829 (1976), the Supreme Court interpreted that statute to authorize restitution only to "direct victims" of a crime and not surviving family members. The statute was amended in 1977, Or Laws 1977, ch 371, § 1, and among the changes, codified at ORS 137.103(4), was a rewriting of the definition of "victim" to mean "any person" who had suffered pecuniary damages. The Supreme Court later explained that, in making that change, the legislature intended to respond to *Stalheim* by broadening the definition of "victim" to include surviving family. *State v. Barkley*, 315 Or 420, 435, 846 P2d 390, *cert den*, 510 US 837 (1993).

But, while it is clear that the legislature intended to broaden the statute to include family members, there is nothing in the wording of the statute or its history that suggests that the legislature intended to extend the reach of the statute even further to include a victim's estate. The state concedes that nothing in the legislative history suggests that much. Its argument is simply that the legislature intended to broaden the definition, and there is no evidence that the legislature did *not* intend to include the victim's estate. The argument is not logical, however. Merely because there is no evidence that the legislature did not intend to include an

estate of the victim does not, by itself, permit even an inference (much less support a deduction) that the legislature, in fact, did intend to include an estate. Moreover, even if that were not the case, the fact remains that, whatever the legislative history might show about the legislature's intentions, those intentions must be reflected in actual statutory wording that, when reasonably construed, is capable of carrying out such an intention. *State v. Gaines*, 346 Or 160, 173, 206 P3d 1042 (2009) (When a statute is unambiguous, "no weight can be given to legislative history that suggests—or even confirms—that legislators intended something different."). In this case, as the state acknowledges, there is simply no statutory wording that, when reasonably construed, authorizes awarding restitution to the estate of a victim. The trial court in this case therefore erred in ordering defendant to pay restitution to the victim's estate.

Judgment of restitution reversed and remanded for resentencing; otherwise affirmed.