Submitted March 8, affirmed April 21, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN PATRICK GILBREATH,
*Defendant-Appellant.*

Washington County Circuit Court
18CR39667; A170579

489 P3d 144

Defendant appeals a judgment of conviction for first-degree unlawful sexual penetration, ORS 163.411. On appeal, defendant assigns error to the trial court's denial of his motion for judgment of acquittal and to its interpretation of ORS 163.411. Both assignments ultimately reduce to a single question: whether, under ORS 163.411, conviction for first-degree unlawful sexual penetration requires proof that a defendant acted with a "sexual or injurious intent." Defendant argues that it does. The state argues that it does not. *Held*: After construing ORS 163.411 according to the methodology set out in *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009), the Court of Appeals concluded that under ORS 163.411, a conviction for first-degree unlawful sexual penetration does not require proof of sexual or injurious intent. Given that interpretation, in this case, viewing the facts in the light most favorable to the state, a rational factfinder could conclude beyond a reasonable doubt that defendant unlawfully sexually penetrated the victim.

Affirmed.

Andrew Erwin, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

TOOKEY, J.

Affirmed.

**TOOKEY, J.**

Defendant was convicted of first-degree unlawful sexual penetration, ORS 163.411 (Count 1), for digitally penetrating the vagina of three-year-old victim, S, while applying diaper cream. On appeal, defendant advances two assignments of error: (1) that the trial court erred when it denied defendant's motion for judgment of acquittal on Count 1, and (2) that the trial court erred when it adopted an incorrect interpretation of ORS 163.411. Both assignments, as presented by defendant, ultimately reduce to a single issue: whether, under ORS 163.411, conviction for first-degree unlawful sexual penetration requires proof that a defendant acted with a "sexual or injurious intent." We conclude that it does not; accordingly, we affirm.

When our "review of a ruling on a motion for a judgment of acquittal centers on the meaning of the statute defining the offense, the issue is one of statutory construction that we review for legal error." *State v. McQueen*, 307 Or App 540, 544, 478 P3d 581 (2020) (citation and internal quotation marks omitted). After construing the statute, we review the facts in the light most favorable to the state to "determine whether a rational trier of fact could have found that the essential elements of the crime had been proved beyond a reasonable doubt." *Id.* (citation and internal quotation marks omitted).

In mid-2016, S was three years old, and she attended a day care where defendant was an employee. One evening, as S's mother applied cream to S's diaper rash, S spontaneously remarked, "That's what [defendant] does." S's mother asked, "What does defendant do? *** Put cream on?" S replied, "Yes," and made a rubbing motion with "her index finger and middle finger," explaining that "It doesn't hurt like this," as she pointed to her buttocks, but that "It does hurt like this," as she pointed to her vagina.

The next morning, S's mother notified police about S's disclosure. When detectives questioned defendant, he described how he applies diaper cream to female children at the daycare: He "wipe[s] it onto their private parts," and "get[s] it into the fold, all the folds." He explained that, "as far as the vagina, inside the vagina, I only [wipe] down." Defendant

clarified that he applied cream "[a]ll the way" into the "folds," and would "completely and totally cover" the "area where the pee comes out," both "[i]nside and out" and "in between the labia." Defendant was eventually indicted under ORS 163.411 for "knowingly penetrat[ing] the vagina of [S]."[1]

During defendant's bench trial, the court contemplated whether ORS 163.411 would apply to somebody who "legitimately believes that that's what you're supposed to do[, and has] zero sexual intent" and should consequently be treated as "identical [to] the individual who actually penetrates for that sexual deviate purpose." Ultimately, the trial court found defendant guilty because he "penetrated the vagina of [S]," but noted, "My finding is that there was no sexualized intent proven." Defendant then filed a motion to reconsider, arguing that ORS 163.411 should not apply to "an individual who penetrated without any sexual intent nor any ill intent whatsoever." The court denied that motion but reiterated that, "while there was suspicious and concerning behavior, there was not proof to this Court beyond a reasonable doubt of a sexualized or otherwise nefarious intent in this case."

On appeal, defendant contends that the trial court erred, because it found defendant guilty of first-degree unlawful sexual penetration without proof of sexual or injurious intent and interpreted ORS 163.411 to require no such intent. The state contends that the trial court did not err, because no such proof is required. We agree with the state.

ORS 163.411 provides, in relevant part:

"[A] person commits the crime of unlawful sexual penetration in the first degree if the person penetrates the vagina, anus or penis of another with any object other than the penis or mouth of the actor and:

"* * * * *

"(b)   The victim is under 12 years of age[.]"

Whether that statute requires proof that defendant acted with sexual or injurious intent is a question of

---

[1] Defendant was also indicted for first-degree sexual abuse, ORS 163.427 (Counts 2 and 5), and first-degree sodomy, ORS 163.405 (Counts 3 and 4). Defendant was found not guilty on Counts 2, 3, and 5, and acquitted on Count 4.

statutory construction. We construe a statute to determine the legislature's intent, and we begin by examining the statute's text, context, and any legislative history offered by the parties, *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009), along with rules of construction that "bear directly on how to read the text," *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993).

The text of ORS 163.411 plainly omits any sexual or injurious intent as to the conduct element and, therefore, does not indicate any legislative intent to require proof of sexual or injurious intent. *See Gaines*, 346 Or at 171 ("[T]here is no more persuasive evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes." (Citation and internal quotation marks omitted.)). Where, as here, a statute does not specify a culpable mental state for a conduct element, the legislature has prescribed that the minimum required mental state defaults to "knowingly." *See State v. Simonov*, 358 Or 531, 539-40, 368 P3d 11 (2016) (citing ORS 161.115(2)).

The context of ORS 163.411—which includes related statutes, *PGE*, 317 Or at 611—likewise does not indicate any legislative intent to require proof of sexual or injurious intent. "The legislature knows how to include qualifying language in a statute when it wants to," *id.* at 614, and it easily could have done so here, as it has for other sexual or violent offenses, *see, e.g.*, ORS 163.427 (first-degree sexual abuse, requiring proof of "sexual contact," defined as touching for sexual arousal or gratification); ORS 163.235(1)(c) (first-degree kidnapping, requiring proof that person acted with purpose of "caus[ing] physical injury to the victim"). Additionally, the legislature created an exception to liability under ORS 163.411 for individuals performing medical procedures and for law enforcement personnel conducting contraband searches.[2] *See* ORS 163.412. Such an exception

---

[2] At trial, defendant argued that if the statute did not require proof of sexual or otherwise injurious intent, then any "well-meaning parent or caregiver" who goes "into the vaginal canal" in the course of treating diaper rash or cleaning their children could be subject to a Measure 11 sentence—a result, defendant argued, that the legislature could not have intended. We note that defendant does not argue that his conduct would fall within the exception to liability set forth in ORS 163.412(1); accordingly, we express no opinion on that matter.

to liability would be pointless surplusage if, as defendant contends, conviction under ORS 163.411 required proof of sexual or injurious intent. But as a general rule, we "assume that the legislature did not intend any portion of its enactments to be meaningless surplusage." *State v. Clemente-Perez*, 357 Or 745, 755, 359 P3d 232 (2015) (citing ORS 174.010 (instructing courts to construe statutes so as to "give effect to all" provisions)).

Further, nothing in the legislative history provided by the parties persuades us that the legislature intended to require proof of sexual or injurious intent for conviction under ORS 163.411.

We observe that defendant's preferred interpretation would require us to deviate from the standard to which this court must hold itself in construing a statute—*i.e.*, "to ascertain and declare what is, in terms or in substance, contained therein, *not to insert what has been omitted*[.]" ORS 174.010 (emphasis added); *see also State v. Patton*, 237 Or App 46, 50-51, 238 P3d 439 (2010), *rev den*, 350 Or 131 (2011) ("We are prohibited, by statutory command and by constitutional principle, from adding words to a statute that the legislature has omitted.").

Given the foregoing, the legislature's intent is clear: Under ORS 163.411, conviction for first-degree unlawful sexual penetration does not require proof of sexual or injurious intent. Thus, viewing the facts in the light most favorable to the state, a rational factfinder could conclude beyond a reasonable doubt that defendant unlawfully sexually penetrated S while applying diaper cream—irrespective of the trial court's express finding that the state failed to prove any "sexualized or otherwise nefarious" intent.

Affirmed.