120 December 26, 2024 No. 942

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CESAR DOMINGUEZ-JURADO,
*Defendant-Appellant.*

Washington County Circuit Court
22CR52992; A181230

Theodore E. Sims, Judge.

Submitted October 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

After crashing his vehicle into the front of a house, defendant, who was charged with driving while under the influence of intoxicants, reckless driving, and second-degree criminal mischief, pleaded guilty to the criminal mischief charge and entered diversion on the other two charges. On appeal, in a single assignment of error, he challenges a supplemental judgment awarding restitution to the homeowner, arguing that the trial court erred when it awarded restitution in the amount of $6,461.54. That restitution award consists of two categories of expenses: the costs of re-siding three sides of the house and lost wages due to the homeowner missing work to see to the damages. Defendant challenges both portions of the award. First, he argues that the trial court erred in awarding partial restitution for the cost of re-siding the walls of the house other than the side that defendant struck with his vehicle. Second, he acknowledges that the homeowner needed to take at least one day off to meet with a contractor and to take care of debris that had to be cleaned up swiftly, such as broken glass inside the house, but he argues that there was not sufficient evidence that the homeowner needed an additional four days off work. The state argues in response, among other points, that there was sufficient evidence for the trial court to find that the homeowner necessarily incurred the expenses. We affirm.

"Whether the prerequisites for imposing restitution have been met is ultimately a legal question that will depend on the trial court's findings of fact." *State v. Smith*, 291 Or App 785, 788, 420 P3d 644 (2018). ORS 137.106, provides that restitution is required "when three conditions are satisfied: (1) the defendant has been convicted of criminal activity; (2) economic damages have occurred; and (3) a causal relationship exists between defendant's criminal activity and the economic damages." *State v. Aguirre-Rodriguez*, 367 Or 614, 620-21, 482 P3d 62 (2021).

Both of defendant's arguments are based on his reading of the definition of "economic damages," ORS 31.710, in the context of the restitution statute, ORS 137.103. Specifically, defendant contends that those statutes restrict restitution for property damage and for lost wages

to expenses that were "necessarily incurred."[1] An expense is "necessarily incurred" if the victim has become liable or subject to paying the expense. *State v. Romero-Navarro*, 224 Or App 25, 29, 197 P3d 30 (2008), *rev den*, 348 Or 13 (2010)).

Here, defendant questioned whether the homeowner needed to replace siding on all sides of her house when only one side was damaged in the crash. But there was evidence at the hearing that the siding that was removed from the damaged wall of the house was no longer being manufactured. The contractor could obtain some of the same siding as a special order, but it would not be a color match and it would take too long because the rainy season would be starting soon. The trial court found that the contractor did a good job of matching the siding as best he could, but it noted that there was a visible difference. The court opined, "I'm sure it's quite noticeable to the homeowner," and "it's not glaringly obvious to folks just driving by."

Defendant points out that those findings are binding on appeal because they are supported by the record. That is true, as far as it goes. We also must presume, when the trial court did not make express findings and the facts could be found more than one way, that its findings are consistent with its ultimate conclusion. *Ball v. Gladden*, 250 Or 485, 488, 443 P2d 621 (1968). The siding had matched before defendant crashed into the house. There is certainly room for the trial court, which had photographs of the two kinds of siding side-by-side, to find that somewhere between "quite noticeable to the homeowner" and "not glaringly obvious" to someone driving past the house, there was a need for the siding to match as part of making the homeowner whole. *See State v. Page*, 330 Or App 672, 677-78, 544 P3d 421 (2024) ("[T]he house ended up with fresh paint on two sides and older paint on the other two sides—which predictably made the sides appear mismatched[] and *** the mismatched appearance of the house reasonably led to [the victim's] decision to repaint the undamaged walls to restore

---

[1] Because we conclude that the evidence at the restitution hearing was sufficient to permit the trial court to find that the expenses were necessarily incurred, we need not construe the statute, but rather assume without deciding that "necessarily incurred" applies to these types of expenses in the restitution context.

the house to its uniform and tidy look."). Importantly, the trial court noted that the existing siding was old and would have to be replaced by the homeowner anyway. To account for that, the trial court reduced the amount of restitution for the siding to 20% of the cost estimate.

Similarly, the homeowner testified that she took much more time off while dealing with the crash, clean-up, and repairs than the amount for which she had requested restitution. She explained that she had to clear debris, call contractors for bids, and meet with contractors. The trial court credited her testimony, emphasizing that she had taken much more time off than the amount she had requested for restitution. The court determined that the lost wages claim for five days was necessary and reasonable. The court explained—referring to the eggshell skull rule—that it was defendant's "misfortune" that the homeowner happened to be a highly paid professional so the lost wages added up to a larger amount than if she had been, for example, unemployed. *See, e.g., Haas v. Estate of Mark Steven Carter*, 370 Or 742, 760, 525 P3d 451 (2023) ("the 'eggshell skull' rule *** pertains to damages [and] provides that, when a defendant is liable for the type of harm that a plaintiff suffers, the defendant is liable for the entirety of that harm, even when the extent of that harm is not foreseeable" (citation and second internal quotation marks omitted)). The court also explained that the homeowner reasonably used her own time rather than hiring someone at a lower rate, because "[y]ou can't just offload a project like that on a stranger and leave them in charge of your wide-open home."

For those reasons, we affirm the trial court's supplemental judgment imposing restitution.

Affirmed.