Argued and submitted February 26, affirmed November 10, 1982

STATE OF OREGON,
*Respondent,*
*v.*
HARLAND ANTHONY DOTY,
*Appellant.*
(No. 81-0227-C-2, CA A22288)

653 P2d 276

Kelly L. Anderson, Central Point, argued the cause and filed the brief for appellant.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Defendant was indicted for burglary, in which the victim claimed a loss of guns, jewelry and silver of a value over $3,300. ORS 164.225. After plea negotiations, defendant was indicted for theft in the second degree, ORS 164.045, and charged with taking guns and jewelry of a value of less than $200. To the latter charge defendant pled guilty, and the charge of burglary in the first degree was dismissed.

At the restitution hearing, ORS 137.106(1), the victim testified to a loss of property in excess of $2,000. Defendant admitted kicking in the victim's door and taking a vacuum cleaner and a pellet gun. He denied taking jewelry or any other items missing from the residence and hypothesized that after his entry someone else had entered and taken the other items.

The trial court set restitution at $2,000. On appeal defendant contends that the trial court had no authority to order restitution in excess of $200, the upper monetary limit for a charge of theft in the second degree. We disagree.

ORS 137.106(1) provides:

"When a person is convicted of criminal activities which have resulted in pecuniary damages, in addition to any other sentence it may impose, the court may order that defendant make restitution to the victim."

ORS 137.103(1) defines "criminal activities":

" 'Criminal activities' means any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant."

The permissible scope of restitution for such pecuniary damages is set out in ORS 137.103(2):

"[A]ll special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of the property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses."

It is clear that in a civil action for conversion the trier of fact would be free to believe the victim's testimony concerning the items taken. Defendant does not seriously dispute the loss of the missing items but denies having taken the jewelry himself. However, regardless of whether defendant actually stole the jewelry, the entire loss "resulted" from his "criminal activities," including the admitted kicking in of the victim's door, because it at least created free access to the home for the hypothetical subsequent theft.

Likewise, the loss of jewelry is an item of "pecuniary damage," because defendant could have been found liable in a civil action for the loss resulting from the purported second burglary facilitated by his own negligent conduct in leaving the victim's premises unprotected after his own criminal conduct had ended. Cf. *Mezyk v. National Repossessions, Inc.*, 241 Or 333, 336-37, 405 P2d 840 (1965) (complaint alleging owner's negligence in leaving key in car's ignition facilitating theft held sufficient to withstand demurrer). As set out in Restatement (Second) Torts, § 302b, illustration c, civil liability may be found "[w]here the actor's affirmative act is intended or likely to defeat a protection which the other has placed around his person or property for the purpose of guarding them from intentional interference. * * *"

Although defendant was not convicted of and did not admit theft of property over the value of $200, in a civil action arising out of the "facts or events constituting defendant's criminal activities" he could have been found liable for the entire amount of the victim's loss. We believe that neither the indictment, the facts admitted nor the facts established by the conviction limit the amount of restitution that may be ordered. Rather, if the loss "resulted," in a "but for" sense, from defendant's criminal activities, then the amount of restitution is determined in a separate evidentiary hearing in which the trier of fact determines, as in a civil case, *State v. Dillon*, 292 Or 172, 637 P2d 602 (1981), the money equivalent of the property for the taking or destruction of which the defendant *could* be found civilly liable.

Because the victim's damages here could be recovered against defendant in a civil action, whether defendant stole the jewelry or not, it was a permissible term of restitution. Had the legislature intended to limit restitution as defendant suggests, language confining restitution to the money equivalent of the property taken or damaged as established by the conviction or admission could have been employed.

■ Defendant's second assignment of error claims that the amount of restitution ordered was not supported by the evidence. The victim's testimony as to the value of the property was sufficient to sustain the amount awarded if believed by the trier of fact. There is no merit to this claim of error.

Affirmed.