Argued and submitted May 30, conviction affirmed; remanded with instructions to
delete order of restitution for stereo September 5, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# SHAWN MICHAEL THORNTON,
*Appellant.*

## (CR88-179; CA A50359)

796 P2d 1252

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals his sentence, assigning as error the imposition of restitution of $275 for a stolen stereo. Defendant was convicted of theft for stealing cash and tires from the service station where he worked. A car stereo also disappeared that evening from a car parked at the station. Defendant was not charged with its theft, and he did not admit to stealing it.

Restitution may be imposed when a defendant's criminal activities cause a pecuniary loss. ORS 137.106(1); *State v. Dillon,* 292 Or 172, 181, 637 P2d 602 (1981). ORS 137.103(1) defines "criminal activities" as

> "any offense with respect to which the defendant is convicted or any other criminal conduct admitted by the defendant."

Under that definition, the theft of the car stereo is not a criminal activity attributable to defendant.

The state contends that circumstantial evidence that defendant stole the stereo justifies the restitution award, relying on *State v. Doty,* 60 Or App 297, 653 P2d 276 (1982). *Doty* cannot be read that broadly. There, the defendant was convicted of theft of items worth less than $200, but the court imposed restitution of $2,000, the value of all the items stolen from the house. The defendant had admitted kicking in the victim's door and stealing several items but had claimed that someone else must have taken the rest. We held that the defendant's criminal activities caused the loss of all of the items, because, by kicking in the door, he had created free access to the house for the hypothetical second thief. 60 Or App at 300; *see also State v. Hazlitt,* 77 Or App 344, 713 P2d 617 (1986).

In this case, no evidence was presented that defendant's criminal activities of stealing cash and tires made possible the theft of the stereo. Because there was not, restitution for the stereo could not be imposed.[1]

Conviction affirmed; remanded with instructions to delete order of restitution for stereo.

---

[1] The state contends that any error was harmless, because the trial court stated that, if the restitution was not proper, it would impose a fine for the same amount. What the trial court might have done is not before us.