Submitted February 11, affirmed March 9, petition for review denied July 28, 2022 (370 Or 198)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONOVAN JOSEPH SPONTINI,
*Defendant-Appellant.*

Douglas County Circuit Court
19CR12071, 19CR15432;
A172856 (Control), A172857

506 P3d 1196

George William Ambrosini, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Belais, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Donovon Spontini filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Paul L. Smith, Deputy Solicitor General, filed the brief for respondent.

Before James, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals from judgments of convictions, in two consolidated cases, for a variety of crimes involving a three-month property-crime spree. On appeal, defendant only challenges the supplemental judgment imposing restitution related to the unauthorized use of a motor vehicle and possession of a stolen motor vehicle, specifically, a motor home. We affirm.

ORS 137.106(1)(a) authorizes a trial court to impose restitution and provides:

> "When a person is convicted of a crime \*\*\* that has resulted in economic damages, the district attorney shall investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages. \*\*\* If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court."

Pursuant to ORS 137.106(1), there are three prerequisites to the imposition of criminal restitution: (1) criminal activities, (2) pecuniary damages, and (3) a "causal relationship between the two." *State v. Edson*, 329 Or 127, 132, 985 P2d 1253 (1999). Criminal activities means any offense "with respect to which the defendant is convicted or any other criminal conduct admitted by defendant." ORS 137.103(1). The record must demonstrate that the defendant's criminal activities are a "but-for" cause of the victim's economic damages and that the damages are a reasonably foreseeable result of the defendant's criminal activities. *State v. Ramos*, 358 Or 581, 603, 368 P3d 446 (2016).

For purposes of ORS 137.106(1),

> "'[e]conomic damages' means objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services, burial and memorial expenses, loss of income and past \*\*\* impairment of earning capacity, reasonable and necessary

expenses incurred for substitute domestic services, recurring loss to an estate, damage to reputation that is economically verifiable, reasonable and necessarily incurred costs due to loss of use of property and reasonable costs incurred for repair or for replacement of damaged property, whichever is less."

*Former* ORS 31.710(2)(a) (2019), *renumbered as* ORS 31.705(2)(a) (2021).

A "[d]efendant cannot be required to pay restitution for [economic] damages arising out of criminal activity for which he was not convicted or which he did not admit having committed." *State v. Seggerman*, 167 Or App 140, 145, 3 P3d 168 (2000) (holding that the court could not order restitution for stolen merchandise based on defendant's plea of guilty to the crime of conspiracy to commit theft because he was not convicted of theft and did not admit to committing theft). Here, defendant disputes the award of $23,699 in restitution for what the insurance adjusters deemed a "totaled" motor home. According to defendant he admitted to stealing and possessing the vehicle, but not damaging it. We rejected a nearly identical argument in *State v. Stephens*, 183 Or App 392, 52 P3d 1086 (2002):

"Here, defendant was convicted of criminal activities, and he does not dispute that the car was damaged when the wheels and tires were taken. Thus, the only issue on appeal is whether a causal connection exists between the criminal activities of which defendant was convicted and the damage for which he is being held responsible. Defendant points out that he was convicted only of unauthorized use of a vehicle, ORS 164.135(1), and possession of a stolen vehicle, ORS 819.300. Defendant asserts that he was not charged with the theft of the wheels and tires and that he did not admit to taking them. Accordingly, he reasons that there is no causal connection between his criminal activities and the loss of the wheels and tires, which occurred after defendant left the stolen car parked at his friend's house.

"Defendant is correct that there must be a causal connection between the criminal activities and the pecuniary damages on which an award of restitution is based. We have not, however, required that the damage must always be the direct result of the defendant's criminal activity. For example, in *State v. Doty*, 60 Or App 297, 653 P2d 276

(1982), the defendant was originally indicted for a burglary in which the victim claimed the loss of guns, jewelry, and silver that had a value of more than $3,000. The defendant eventually pleaded guilty to the theft of guns and jewelry that had a value of less than $200. The trial court imposed $2,000 in restitution, based on the value of a number of stolen items that the defendant denied taking and that were not the basis of the defendant's conviction. It was the defendant's position that someone else must have taken the items in a later burglary."

*Id*. at 395-96 (footnotes omitted).

The reasoning of *Stephens* compels the same result here. There was testimony that the motor home was in perfect shape and "neat as a pin" prior to the theft but was severely damaged when recovered from defendant. Accordingly, the trial court did not err in imposing restitution.

Affirmed.