672 February 14, 2024 No. 91

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KENNETH RAYMOND PAGE,
*Defendant-Appellant.*

Douglas County Circuit Court
20CR42167; A178281

William A. Marshall, Judge. (Supplemental Judgment entered March 29, 2022)

Ann Marie Simmons, Judge. (Judgment entered February 22, 2022)

Submitted October 3, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Defendant ignited a firework mortar that misfired, scattered brick shrapnel, and caused damage to the victim's, M's, house and property. After defendant pleaded no contest to one count of second-degree criminal mischief, ORS 164.354,[1] the trial court entered a judgment of conviction. A restitution hearing was conducted after which the court imposed restitution of approximately $7,600, including the cost of painting the exterior of M's house. Defendant appeals from the resulting supplemental judgment and money award, assigning error to that portion of the restitution award attributable to the expense incurred by M to paint the two sides of his house that were not directly damaged by the explosion. We conclude that the trial court did not err. We affirm.

We review the trial court's imposition of restitution for legal error, remaining mindful that we are bound by the trial court's findings if they are supported by any evidence in the record. *State v. Lobue*, 304 Or App 13, 16, 466 P3d 83, *rev den*, 367 Or 257 (2020). In the absence of "express findings on a disputed fact, we assume that the court implicitly found the facts consistent with the judgment entered," *id.*, and we review the evidence in the light most favorable to the state, *State v. Smith*, 291 Or App 785, 788, 420 P3d 644 (2018). We state the pertinent facts accordingly.

M sought coverage from his homeowner's insurance company, Mutual of Enumclaw (Enumclaw), for the property damage that was caused by the explosion and flying shrapnel set into motion by defendant when he ignited the firework mortar. A claims adjuster from Enumclaw testified that after inspecting and documenting the damage, they developed a cost estimate of the anticipated remedial work using a software program, standard within the insurance

---

[1] ORS 164.354 provides:

"(1) A person commits the crime of criminal mischief in the second degree if:

"* * * * *

"(b) Having no right to do so nor reasonable ground to believe that the person has such right, * * * the person recklessly damages property of another in an amount exceeding $500."

industry, called "Exact Analysis." The line item for paint-
ing included only those exterior walls "that had sustained
damage." Contractors were retained to repair the damage,
and Pierce Restoration (Pierce) was selected to serve as the
painting contractor. The adjuster testified that the work done,
including the painting, was necessary and reasonable and
that the amounts paid for that work were also reasonable.

M testified that he personally paid Pierce to paint
the undamaged sides of his house because the new paint
on the sides that had been damaged and repaired did not
match the older, faded paint on the remaining sides. M tes-
tified that the color of the fresh paint was close, but clearly
darker, than the existing paint. He testified further that he
liked to keep his "place looking pretty nice," and that the
partially painted house looked as though it was not "ke[pt]
up." He paid Pierce the amount it charged him because it is
a "reputable company" and because it charged him the same
amount that it charged Enumclaw for painting the first two
walls. The sentencing court included the painting cost that
M incurred in the restitution award, with this explanation:

> "[M] described this as reasonable and necessary to match
> up the paint so that it was similar quality and, and color
> to what was on half of the house that the Defendant had
> damaged.
>
> "And that it was reasonable and necessary. There was
> no testimony to the contrary from anyone else and no cross-
> examination about whether it was reasonable and neces-
> sary. And, and so I'm going to allow that. And that amount,
> as I understand it, is $3,693.30. And so that will be the
> order of the Court. Thank you."

The propriety of including that cost in the restitution award
is the sole issue before us now.

ORS 137.106 (2021)[2] requires a trial court to order
restitution "[w]hen a person is convicted of a crime * * * that
has resulted in economic damages." ORS 137.103(2) defines
"economic damages" by incorporating most of the definition
given to that term by ORS 31.705(2)(a) for civil matters. As
explained in *State v. Herfurth*, 283 Or App 149, 153-54, 388

---

[2] ORS 137.106 was amended in 2022. Or Laws 2022, ch 57, § 1. Those amend-
ments are now in effect, but they are not relevant to this case.

P3d 1104 (2016), *rev den*, 361 Or 350 (2017), economic damages are the "objectively verifiable monetary losses" that would be recoverable "against the defendant in a civil action arising out of the defendant's criminal activities." (Internal quotation marks and footnote omitted.) When restitution is imposed as a sanction in a criminal sentence, it is "informed by principles enunciated in civil cases concerning recoverable economic damages." *State v. Islam*, 359 Or 796, 800, 377 P3d 533 (2016). There are three prerequisites for the imposition of restitution as part of a defendant's criminal sentence: (1) criminal activities, (2) economic damages, and (3) a causal relationship between the criminal activity and the economic damages. *State v. Kirkland*, 268 Or App 420, 424, 342 P3d 163 (2015). The state bears the burden of proving the factual prerequisites necessary to support an award of restitution and that the award is reasonable. ORS 137.106(1)(a); *State v. Aguirre-Rodriguez*, 367 Or 614, 620, 482 P3d 62 (2021).

Defendant argues first that the state did not meet its burden to establish that the cost of painting the undamaged sides of M's house could "be attributed to his criminal activities." He emphasizes that his "criminal activities were not a 'but for' cause of M's additional painting cost loss," and he points instead to Pierce, claiming that M's loss was caused by Pierce's "negligence in failing to match the paint color." But defendant's view of the necessary causal link is too narrow.

The "but for" test is often used in civil cases to determine "whether a defendant's negligence is *one of many* potential causes of a plaintiff's harm." *Haas v. Estate of Mark Steven Carter*, 370 Or 742, 749, 525 P3d 451 (2023) (emphasis in original). The test does not, however, reduce causation to a single cause. It asks whether the harm would have occurred "but for"—or, in the absence of—"the defendant's negligence." *Id.* Moreover, the "but for" test is not the only test used to measure factual causation in civil cases. *See*, *e.g.*, *Lasley v. Combined Transport, Inc.*, 351 Or 1, 7-8, 261 P3d 1215 (2011) (discussing cause in fact and the "substantial factor" test). The Supreme Court has not expressed an opinion on the question of "whether the factual causation

required by ORS 137.106 is limited to 'but-for' causation." *State v. Ramos*, 358 Or 581, 586 n 3, 368 P3d 446 (2016).

The evidence here, when viewed in the light most favorable to the state, is that defendant set off a large firework mortar that misfired, scattered brick shrapnel, and damaged M's nearby house. The damage and associated repairs were sufficiently extensive to necessitate repainting the damaged exterior walls entirely. Not surprisingly, the fresh paint on the repaired walls did not match the existing paint on the undamaged walls, and the difference was noticeable. The required causal link between defendant's criminal conduct and M's expense in painting the undamaged walls is inferable from the sentencing court's finding that M painted those walls "to match up the paint so that it was similar [in] quality and * * * color to what was on" the damaged and repainted walls. In other words, the court found that M would not have incurred the expense of painting those two walls in the absence of defendant's criminal conduct. The record supports that finding.

Defendant next argues that even if the state established the necessary causal link, "it was not reasonably foreseeable that defendant's firework mishap would cause the painting company to fail to match paint colors, thus resulting in M's wish to have the undamaged sides of his house repainted." That argument goes to whether the cost of painting the undamaged walls is "the kind[] of harm for which a defendant may be held liable." *Ramos*, 358 Or at 595. We answer that question by applying "reasonable foreseeability" as a "limiting concept" under ORS 137.106. *Ramos*, 358 Or at 596.

The question is "whether a reasonable person in [] defendant's position would have foreseen that someone in [M's] position could reasonably incur damages of the same general kind that [M] incurred[,]" as a result of defendant's criminal conduct. *Id.* at 597. We infer from the court's findings and the supplemental judgment that it found that the act of igniting the mortar had the effect of damaging M's house; that the damage led to repairs and repainting; that the house ended up with fresh paint on two sides and older paint on the other two sides—which predictably made the

sides appear mismatched; and, finally, that the mismatched appearance of the house reasonably led to M's decision to repaint the undamaged walls to restore the house to its uniform and tidy look.

The relationship running between each step was reasonably foreseeable. *See State v. Buswell*, 308 Or App 389, 394-95, 479 P3d 341 (2021) (concluding that "'it is a reasonably foreseeable consequence of the robbery that [the victim] would use sick leave immediately following the robbery to recover from its trauma'"); *State v. Venable*, 316 Or App 235, 240, 502 P3d 250 (2021), *rev den*, 369 Or 338 (2022) (concluding that where the defendant stole victim's cell phone, restitution award could include expenses incurred by victim because he was deprived of the ability to use that phone to perform his job). The record supports that someone in defendant's position would reasonably have foreseen that igniting a large firework mortar might result in damage to surrounding buildings, requiring significant repairs and paint costs, including those incurred by M in this case. The expense incurred to paint the undamaged walls qualifies as economic damages and the trial court did not err when it included that cost in restitution.

As to the appropriate measure of damages, we apply yet another civil law principle because the property that defendant damaged was real property.[3] In civil cases involving temporary damage to real property, where the damage is "reasonably susceptible to repair," the appropriate measure of damages is "the cost of restoring the property to its original condition[.]" *McCormick v. City of Portland*, 191 Or App 383, 390-91, 82 P3d 1043, *rev den*, 337 Or 616 (2004) (internal quotation marks omitted). That same measure of damages for restitution applies here. *See State v. Boyar*, 328 Or App 678, 681, 538 P3d 1225, *rev den*, 371 Or 771 (2023) (applying same measure of damages for restitution where the defendant's criminal conduct caused damage to transit station door). Defendant set a string of predictable events into motion when he committed the crime of criminal

---

[3] *See*, *e.g.*, ORS 307.010(1)(b), which defines real property for state property tax laws to include, among other things, "(B) All buildings, structures, improvements, machinery, equipment or fixtures erected upon, above or affixed to the land[.]"

mischief in the second degree. M's house appeared uniform in color before defendant acted. Its appearance was not uniform in color after defendant acted. The measure of damages thus reasonably included the cost of painting the undamaged walls because that was necessary to restore the house to its original condition. The cost that M incurred to paint the undamaged walls was the same as the cost Enumclaw incurred to paint the other two exterior walls which, according to the claims adjuster's testimony, was reasonable.

Affirmed.