584 May 15, 2024 No. 317

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. E. A.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

A. E. A.,
*Appellant.*

Baker County Circuit Court
21JU03704; A178835

Matthew B. Shirtcliff, Judge.

Submitted January 3, 2024.

Christa Obold Eshleman and Youth, Rights & Justice filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Youth appeals a "Judgment on Restitution and Money Award" entered against him on a joint and several basis with his juvenile co-offender, B. The judgment awarded restitution in the amount of $3,412.81 to State Farm Insurance for the costs it incurred on behalf of its insureds, youth's parents, to repair the damage done to their car after youth unlawfully took the car from them. Youth assigns error to the juvenile court's decision to order him to pay restitution. He argues that there is no evidence that he personally damaged his parents' car. He argues, further, that even if there is evidence from which it can reasonably be inferred that he made it possible for B to drive the car, there is no evidence supporting the conclusion that the damages caused by B were reasonably foreseeable. We conclude that the evidence supported the juvenile court's restitution award, and we affirm.

"We review a restitution order for legal error and are bound by the juvenile court's factual findings if they are supported by any evidence in the record." *State v. C. A. M.-D.*, 312 Or App 1, 3, 493 P3d 55, *rev den*, 368 Or 637 (2021). We draw the following facts from the record that was before the juvenile court when it made its dispositional decisions, specifically including the record before the court at the restitution hearing.

Youth stole his parents' undamaged car, which became damaged while B drove it in a reckless manner. State Farm covered the costs incurred by youth's parents to repair the car and to provide them with a rental vehicle while the repairs were performed. The total cost was $3,412.81. Youth admitted to conduct that, if committed by an adult, would constitute unauthorized use of a vehicle (UUV) under ORS 164.135. The juvenile court found youth to be within its jurisdiction, a restitution hearing was scheduled, and the juvenile court ultimately imposed restitution in the amount of $3,412.81.

ORS 419C.450(1)(a) requires the juvenile court to award restitution for "injury, loss or damage" caused by the adjudicated youth and suffered by the victim. "Restitution"

is defined by reference to ORS 137.103 as the "full, partial or nominal payment of economic damages to a victim." *See* ORS 419A.004(29) (incorporating the definition of "restitution" from ORS 137.103 into the juvenile code). For restitution purposes, the term "economic damages" is defined by reference to ORS 31.705 as the victim's "objectively verifiable monetary losses[.]" ORS 137.103(2)(a); ORS 31.705. The juvenile court must award restitution when there is sufficient evidence of criminal activity, economic damages, and a causal relationship between the criminal activity and the economic damages. *C. A. M.-D.*, 312 Or App at 4.

Youth disputes causation. He argues that damage is not an element of UUV and that he therefore did not admit to causing damage when he admitted that he engaged in conduct that would constitute UUV if he had been an adult. Relying on *State v. Mothershed*, 323 Or App 16, 522 P3d 921 (2022), he argues that his adjudication based on UUV does not provide evidence that he caused damage to his parents' car. But this case is different from *Mothershed*. We reversed the restitution award in *Mothershed* because the defendant came into possession of the vehicle after it was stolen, and there was evidence that the damage had been "caused by the original thief." *Id.* at 22.

But youth, here, does not occupy a position in the "post-theft chain of possession" like the defendant in *Mothershed* did. He is instead the person who stole the car from his parents in the first place. The question is not whether youth may be ordered to pay restitution for damage that had been caused by another person before he took possession of the stolen car. The question is whether youth's criminal conduct (taking his parents' car without their permission) caused the victim's economic damages (the car repair costs ultimately paid by State Farm). As we explained in *Mothershed*, "[a] person who commits UUV may be ordered to pay restitution for damage to the vehicle" when that person's unlawful conduct is a "but-for cause of the damage." *Id.* at 22.

We look to "principles enunciated in civil cases concerning recoverable economic damages." *State v. Islam*, 359 Or 796, 800, 377 P3d 533 (2016). Guided by those principles,

we recently discussed "but-for" causation in the context of a restitution case:

> "The 'but for' test is often used in civil cases to determine 'whether a defendant's negligence is *one of many* potential causes of a plaintiff's harm.' *Haas v. Estate of Mark Steven Carter*, 370 Or 742, 749, 525 P3d 451 (2023) (emphasis in original). The test does not, however, reduce causation to a single cause. It asks whether the harm would have occurred 'but for'—or, in the absence of—'the defendant's negligence.' *Id.* Moreover, the 'but for' test is not the only test used to measure factual causation in civil cases. *See, e.g.*, *Lasley v. Combined Transport, Inc.*, 351 Or 1, 7-8, 261 P3d 1215 (2011) (discussing cause in fact and the 'substantial factor' test)."

*State v. Page*, 330 Or App 672, 676, 544 P3d 421 (2024).

The record is not extensive here, but when it is viewed in the light most favorable to the state, it supports a reasonable inference that the vehicle would not have been damaged if youth had not stolen it. The juvenile court found that youth's "conduct in taking the vehicle facilitated [B]'s conduct in driving the vehicle and causing damage to the vehicle." It reasoned that "[e]ven if direct control was asserted over the vehicle by the accomplice [B] driving the vehicle, [youth]'s criminal activity was still a contributing factor to the loss." The record supports those findings.

This case is similar to *State v. Stephens*, 183 Or App 392, 52 P3d 1086 (2002), where the defendant had taken control of a car that he knew was stolen and then left it unattended in a friend's unprotected yard. The tires and wheels were subsequently stolen from the car by a different person. We affirmed a restitution award against the defendant for the economic loss associated with the stolen tires and wheels because in the absence of the defendant's criminal activities—exercising control of a vehicle that he knew was stolen and then leaving it unattended—the tires and wheels would not likely have been stolen. *Id.* at 397; *see also State v. Doty*, 60 Or App 297, 653 P2d 276 (1982) (explaining that the defendant was liable for restitution "for the loss resulting from the purported second burglary facilitated by

his own negligent conduct in leaving the victim's premises unprotected after his own criminal conduct had ended").

Youth next argues that even if the record supports the existence of a causal link between his act of stealing the car and the damage done to the car when B was driving it, that damage was not a reasonably foreseeable result of youth's conduct. But, that argument goes to whether the cost of repairing the car is "the kind[] of harm for which [youth] may be held liable." *State v. Ramos*, 358 Or 581, 595, 368 P3d 446 (2016). It does not go to the existence of a causal link as a factual matter. Youth clearly raised the factual issue of causation before the juvenile court, and again on appeal, and we have now addressed that issue. But the application of "reasonable foreseeability as a limiting concept under ORS 137.106," *Page*, 330 Or App at 677, is not about cause-in-fact. It is instead about whether, given the existence of a causal connection, the loss incurred is so far attenuated from the criminal activity that we would not hold youth responsible for such loss. Because youth did not raise that argument before the juvenile court, he did not preserve it for appeal, and we reject it without further discussion.

Affirmed.