No. 462      July 3, 2024      581

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SUMMER CHARLAYNE WILSON,
*Defendant-Appellant.*

Linn County Circuit Court
21CR07615; A179719

Michael B. Wynhausen, Judge.

Submitted April 29, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.

**MOONEY, J.**

Defendant pleaded no contest to possessing a stolen 2005 Changzhou trailer and was convicted of possession of a stolen vehicle (PSV) under ORS 819.300. She appeals the supplemental judgment, assigning error to the trial court's imposition of restitution in the amount of $10,527.58 for economic damages that defendant argues she did not cause. We review the trial court's imposition of restitution for legal error, bound by that court's factual findings that are supported by any evidence in the record. *State v. Lobue*, 304 Or App 13, 16, 466 P3d 83, *rev den*, 367 Or 257 (2020). We conclude that the record is not sufficient to support the restitution award. We reverse and remand for entry of an amended supplemental judgment that does not include restitution.

Defendant loaned her truck to her friend, Tate, on December 24, 2020. Tate returned the truck to defendant the next day, December 25, 2020, with a trailer attached to it. The trailer was "open," and there were three safes on it. Tate told defendant that the trailer was stolen and that "they needed to get rid of it right away." Defendant got into the passenger seat of her truck and rode along as another friend, Smith, drove to a place where they stopped. Smith got out of the truck and "unhooked the trailer." Tate and another man drove along to the disposal site in a separate vehicle. Defendant testified that she did not get out of the truck and that she did not notice that there were safes on the trailer, but the trial court found her testimony "somewhat incredible," noting that it was an open trailer.

The trailer and the safes had been stolen on December 24, 2020, during a burglary in which defendant did not participate. The people from whom the safes and trailer had been stolen kept items of value in the safes, including coins. The items of value had been removed from the safes by the time the trailer was located on December 25. The safes had been pried open, and packaging from the stolen coins remained inside the safes. Whether the coins had been removed from the safes before or after defendant rode along to dispose of the trailer is not clear.

ORS 137.106 requires a trial court to order restitution "[w]hen a person is convicted of a crime *** that has resulted in economic damages[.]"[1] However, a "[d]efendant cannot be required to pay restitution for [economic] damages arising out of criminal activity for which he was not convicted or which he did not admit having committed." *State v. Seggerman*, 167 Or App 140, 145, 3 P3d 168 (2000) (holding that the court could not order restitution for stolen merchandise based on defendant's plea of guilty to the crime of conspiracy to commit theft because he was not convicted of theft and did not admit to committing theft). It is nevertheless clear that "the damages need not be the *direct* result of defendant's criminal activity" to support restitution. *State v. Pumphrey*, 266 Or App 729, 734, 338 P3d 819 (2014), *rev den*, 357 Or 112 (2015) (emphasis in original). As we recently explained:

> "When restitution is imposed as a sanction in a criminal sentence, it is 'informed by principles enunciated in civil cases concerning recoverable economic damages.' *State v. Islam*, 359 Or 796, 800, 377 P3d 533 (2016). There are three prerequisites for the imposition of restitution as part of a defendant's criminal sentence: (1) criminal activities, (2) economic damages, and (3) a causal relationship between the criminal activity and the economic damages. *State v. Kirkland*, 268 Or App 420, 424, 342 P3d 163 (2015). The state bears the burden of proving the factual prerequisites necessary to support an award of restitution and that the award is reasonable. ORS 137.106(1)(a); *State v. Aguirre-Rodriguez*, 367 Or 614, 620, 482 P3d 62 (2021)."

*State v. Page*, 330 Or App 672, 676, 544 P3d 421 (2024).

Defendant disputes causation. She argues that her criminal conduct was not a but-for cause of the economic loss sustained by the persons from whom the safes were stolen because the theft of that property occurred before she committed the crime for which she was convicted—possessing the stolen trailer. She was neither charged with nor convicted of burglary. And although she was charged with second-degree theft, that charge was for theft of the

---

[1] ORS 137.106 was amended in 2022, after the events relevant to this appeal occurred. Or Laws 2022, ch 57, § 1. We nevertheless cite to the current version of the statute because the 2022 amendments do not affect our analysis.

trailer only and it was dismissed. The state argues that defendant's criminal conduct was a but-for cause of the victims' loss because there was evidence "sufficient to establish that [her] possession of the stolen trailer, while helping to dispose of it, facilitated the damage to the safes and theft of the safes' contents." Although but-for causation is not as narrow as defendant argues, it is also not as broad as the state suggests.

But-for causation is a test often used in civil cases to determine whether the defendant's negligence was, in fact, a cause of the plaintiff's damages. *Haas v. Estate of Mark Steven Carter*, 370 Or 742, 748-49, 525 P3d 451 (2023). The but-for test does not look for a "single cause," *Page*, 330 Or App at 676, and it is not the only test used to measure cause-in-fact in civil cases. *See, e.g.*, *Lasley v. Combined Transport, Inc.*, 351 Or 1, 7-8, 261 P3d 1215 (2011) (discussing "cause in fact" and the "substantial factor" test). Nevertheless, it is clear that a defendant's criminal conduct must, at a minimum, be a cause of the victim's economic loss before restitution may be imposed as part of the sentence for that criminal conduct.

We have upheld restitution awards in cases where the defendant's criminal conduct preceded, but nevertheless facilitated, the economic loss. For example, in *State v. Stephens*, 183 Or App 392, 52 P3d 1086 (2002), we affirmed a restitution award against the defendant for economic loss associated with tires and wheels that were stolen by someone else from the vehicle after he stole it and left it unattended. We concluded that in the absence of the defendant's criminal conduct, the tires and wheels would not likely have been stolen. *Id.* at 397. We likewise upheld the restitution award in *State v. Doty*, 60 Or App 297, 653 P2d 276 (1982), explaining that the defendant was responsible for restitution for "the loss resulting from the purported second burglary facilitated by [the defendant's] own negligent conduct in leaving the victim's premises unprotected after his own criminal conduct ended." *Id.* at 300; *see also State v. A. E. A.*, 332 Or App 584, 587, 549 P3d 590 (2024) (upholding restitution in a juvenile delinquency case for costs incurred to repair a damaged vehicle where the youth stole his parents'

car which was later damaged when his co-offender reck-lessly drove the vehicle); *State v. Spontini*, 318 Or App 215, 218, 506 P3d 1196, *rev den*, 370 Or 198 (2022) (upholding restitution for damage to a motorhome that arose out of defendant's criminal activity of stealing the motorhome).

Relying on *Stephens*, *Doty*, and *Spontini*, the trial court explained its view that "the policy behind the restitu-tion scheme in Oregon is if there is some connection then all parties who are liable should be responsible for the restitu-tion. \*\*\* [I]t seems to the court that the policy is to favor the interests of victims of crime when there is some connection" between the crime and the victim's economic damages. But the existence of "some connection" is not the standard by which causation is measured for purposes of imposing resti-tution as part of a criminal sentence.

For example, we reversed a restitution award in *State v. Mothershed*, 323 Or App 16, 522 P3d 921 (2022), where the defendant purchased a stolen motorcycle, the only evidence was that the ignition was already damaged when he purchased it, and it would have required imper-missible speculation to find that defendant caused any addi-tional damage. *Id*. at 23. Here, defendant occupies a position in the "post-theft chain of possession" like the defendant in *Mothershed*. And although the trial court did not credit defendant's testimony that she was not aware that there were safes on the stolen trailer when she rode along with Smith to "get rid of" the trailer, she was not charged with or convicted of burglary and she was not charged with or convicted of theft of the safes or the content of the safes.[2]

We defer to the trial court's assessment of defen-dant's credibility and accept as true that defendant helped to get rid of the trailer and the safes when she knew that they were stolen. But the trial court did not find that defen-dant participated in damaging the safes or was aware that the safes had been damaged or that the items inside

_____

[2] The amount of the restitution award was established based upon a stipu-lated list that is not in the record on appeal. As best we can tell from the limited testimony and arguments at the restitution hearing, the list included values for "items included in the safes that were not recovered[.]" We do not know what the listed amounts were and we cannot tell whether the list also included amounts for damage to the safes.

the safes were stolen. We reject the state's argument that "[t]he fact that three men were needed to drop off a trailer—a simple task—is evidence that the additional men joined for a more physical task: breaking into the safes and stealing the safes' contents." That other individuals followed Smith and defendant to the place where they dumped the trailer—even when considered along with the presence of packaging when the trailer was located by law enforcement—would not permit such a finding without speculation.

The presence of three men at the site where they planned to get rid of the stolen trailer and safes might have been for any number of reasons—perhaps simply to ensure the disposal of those items in a place unlikely to be immediately discovered. The state reaches a different conclusion—that the three men went to the disposal site in order to break into the safes. But that conclusion requires the stacking of inferences to the point of guesswork. *See State v. Bivins*, 191 Or App 460, 468, 83 P3d 379 (2004) (evidence is legally insufficient to support an inference when it "requires the stacking of inferences to the point of speculation"). Given the lack of evidence about the timing of when the safes were damaged and when the coins were actually stolen, and the lack of evidence connecting the theft of the coins to the crime for which defendant was convicted, we cannot say that but-for defendant's criminal conduct—possessing the stolen trailer—the safes would not have been damaged and the coins would not have been stolen.[3]

The trial court erred in ordering defendant to pay restitution in the amount of $10,527.58. We therefore reverse the restitution award and remand for entry of an amended supplemental judgment that does not include restitution.

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.

---

[3] Section 876 of the *Restatement (Second) of Torts* (1979), does not support the state's position that restitution properly includes the value of the content of the safes. Because the coins may have been stolen before defendant came into possession of the stolen trailer, the evidence does not establish that defendant "acted in concert with and provided substantial assistance in accomplishing Tate's own tortious conduct by helping Tate dispose of and thereby conceal the stolen property."