No. 90          February 11, 2026          105

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTIAN LEE FLANNIGAN,
*Defendant-Appellant.*

Douglas County Circuit Court
24CR17229, 24CR17446; A184372 (Control), A184373

Steve H. Hoddle, Judge.

Submitted September 30, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel C. Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

In Case No. 24CR17446, supplemental judgment affirmed; remanded for resentencing; otherwise affirmed. In Case No. 24CR17229, remanded for resentencing; otherwise affirmed.

**HELLMAN, J.**

In this consolidated criminal appeal, defendant appeals from judgments of conviction for criminal mischief and other offenses (Case No. 24CR17446) and reckless driving and other offenses (Case No. 24CR17229). On appeal, he challenges a portion of the restitution amount from the criminal mischief supplemental judgment and the trial court's imposition of per diem fees in both cases. For the following reasons, we affirm the restitution supplemental judgment in Case No. 24CR17446, but remand for resentencing on the per diem fees in both cases.

*Restitution:* In his first assignment of error, defendant argues that the evidence was legally insufficient to prove that he caused damage to three doors. Therefore, he asserts, the evidence was legally insufficient to support the restitution order as to the three doors. *See State v. Wilson*, 333 Or App 581, 585, 553 P3d 56 (2024) (stating that "a defendant's criminal conduct must, at a minimum, be a cause of the victim's economic loss").

We view the evidence supporting the trial court's restitution order in the light most favorable to the state. *State v. Perdew*, 304 Or App 524, 527, 467 P3d 70 (2020). Even if defendant preserved his argument below, the record demonstrates that there was legally sufficient evidence to support the trial court's restitution award for the cost to replace the three doors. Defendant admitted to causing damage to the apartment, and the photographs depict significant and widespread damage. The apartment was defaced with graffiti from floor to ceiling and had severe physical damage to numerous walls (including multiple, gaping holes through the drywall). In addition, the floors were littered with debris, food, and damaged appliances. The property owner testified that his management company alerted him when there was "major damage" to one of his properties, but that it had not contacted him about this apartment before the incident. Moreover, the insurance claim estimate included the cost to replace the three doors for loss designated as theft and vandalism that occurred on the date of defendant's criminal activities. The estimate identified that value "at the time of loss." Although defendant did not specifically admit to

damaging the doors in question, there was legally sufficient evidence from which the trial court could conclude that the damage to the doors was the result of his criminal conduct.

*Per diem fees:* In his second assignment of error, defendant claims that the trial court erred when it ordered him to pay per diem fees in both Case Nos. 24CR17446 and 24CR17229. The trial court did not announce the per diem fees in open court, but instead imposed them for the first time in the written judgments. The state concedes that the trial court erred in doing so. We accept the state's concession and determine that the trial court erred and remand for resentencing. *State v. Barr*, 331 Or App 242, 244-45, 545 P3d 772, *rev den* 372 Or 720 (2024); *State v. Schay-Vivero*, 333 Or App 168, 169-70, 552 P3d 150 (2024).

In Case No. 24CR17446, supplemental judgment affirmed; remanded for resentencing; otherwise affirmed. In Case No. 24CR17229, remanded for resentencing; otherwise affirmed.