No. 6 January 29, 2026 781

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Petitioner on Review,*

*v.*

ANTHONY ALAN WORSHAM,
*Respondent on Review.*

(CC 21CR46056) (CA A178554) (SC S071176)

On respondent on review's petition for reconsideration filed on July 3, 2025; considered and under advisement on January 21, 2026.*

Stacy M. Du Clos, Senior Deputy Public Defender, Oregon Public Defense Commission, Salem, filed the petition for reconsideration on behalf of respondent on review. Also on the petition was Ernest G. Lannet, Chief Defender, Criminal Appellate Section.

Patricia G. Rincon, Assistant Attorney General, Salem, filed a response for petitioner on review. Also on the petition were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

JAMES, J.

The petition for reconsideration is allowed. The former opinion is modified. The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.

_____
* 373 Or 739, 571 P3d 759 (2025); on review from the Court of Appeals, 332 Or App 154, 548 P3d 849 (2024).

**JAMES, J.**

Defendant petitions for reconsideration from our opinion in *State v. Worsham*, 373 Or 739, 571 P3d 759 (2025). We grant reconsideration in part and modify our opinion, primarily because we should have remanded the case to the Court of Appeals, rather than simply reversing. Specifically, we allow reconsideration for the limited purpose of modifying our decision in the following two respects.

First, defendant correctly notes that the Court of Appeals did not reach his second assignment of error, because it had reversed the trial court on his first assignment of error. We reversed the Court of Appeals' decision on the first assignment of error, but the second assignment of error has yet to be addressed by an appellate court. Accordingly, the case should be remanded for the Court of Appeals to consider that assignment of error in the first instance.

Second, we replace the second full paragraph at 373 Or at 748 with the following to address a citation issue:

> "Instructions *ungiven* present a challenge under plain error review, because plain error requires a showing of legal error appearing on 'the record.' *Ailes*, 312 Or at 381-82. In the preserved error context, establishing legal error for failing to give a requested instruction turns, in part, on showing that the ungiven instruction was legally correct 'in all respects.' *Hernandez*, 327 Or at 106 (citing *Hall v. The May Dept. Stores Co.*, 292 Or 131, 143, 637 P2d 126 (1981)). Plain error review cannot demand any less. When the ungiven instruction is a custom supplemental instruction, as opposed to another uniform instruction, and no actual custom supplemental instruction was requested at trial, the accuracy and completeness of that theoretical instruction cannot appear on 'the record,' and the theoretical instruction cannot be assessed as to whether it is legally correct 'in all respects.' *Ailes*, 312 Or at 381-82; *Hernandez,* 327 Or at 106. As such, it is generally impossible for a trial court's failure to give an *unrequested* custom supplemental instruction to qualify as plain error."

The petition for reconsideration is allowed. The former opinion is modified. The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.