746 May 20, 2026 No. 439

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYRONE LAMONT AUSTIN,
*Defendant-Appellant.*

Yamhill County Circuit Court
24CR21535; A184991

Cynthia L. Easterday, Judge.

Argued and submitted April 23, 2026.

Andrew D. Robinson, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant challenges his conviction for first-degree burglary and his sentences for first-degree burglary and for two counts of first-degree criminal mischief, setting forth three assignments of error. In his first assignment of error, defendant contends that the trial court erred in denying his motion for a judgment of acquittal on the first-degree burglary charge because the evidence was insufficient to prove that defendant intended to use a weapon in the victim's house and was insufficient to prove that he attempted to physically injure the victims while in immediate flight from the building. In his second assignment of error, defendant contends that the trial court plainly erred when it did not give the jury an instruction defining the applicable measure of damages for first-degree criminal mischief. In his third assignment of error, defendant contends that the trial court plainly erred when it imposed an upward departure in the sentence for first-degree burglary. That is so, in defendant's view, because the trial court based its upward departure in part on defendant's use or threatened use of violence, which defendant contends was already captured by the attempt-to-cause-injury element of first-degree burglary, and the jury was not instructed to decide whether there was something significantly different about that element in the context of sentencing. For the following reasons, we affirm.

*Denial of Motion for Judgment of Acquittal on Count 1.* In his first assignment of error, defendant challenges his first-degree burglary conviction, arguing that the trial court erred in denying his motion for a judgment of acquittal because the evidence presented was insufficient to prove that defendant intended to use a weapon in the victim's house and that he attempted to physically injure the victims while in immediate flight from the building. Under ORS 164.225(1):

"(1)   A person commits the crime of burglary in the first degree if the person violates ORS 164.215[1] and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person: ***

---

[1] ORS 164.215(1) defines second-degree burglary and provides, in pertinent part, that "a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein."

(b) Causes or attempts to cause physical injury to any person ***."

ORS 164.225(1). Count 1 charges first-degree burglary under subsection 1(b), alleging that defendant entered or remained in a building (1) with the intent to commit unauthorized use of a weapon (UUW) within and (2) that defendant caused or attempted to cause physical injury to another person (3) while in the building or in immediate flight from the building. A person commits the crime of UUW if the person possesses with the intent to use unlawfully against another any "dangerous weapon." ORS 166.220(1)(a). "Dangerous weapon" refers to "any weapon, device, instrument, material or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury." ORS 161.015(1).

Defendant argued at trial that the state had not proven its allegation that defendant intended to commit UUW in the building, and that issue is therefore preserved. Defendant did not argue at trial that there was insufficient evidence that he caused or attempted to cause physical injury to another person while in the building or in immediate flight from the building, and he requests plain-error review of that issue.

As to defendant's preserved argument, we review the sufficiency of the evidence "by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). Here, the jury found that, after breaking into a nearby house, defendant broke into the victims' house by breaking through the front window with an object and then climbing through the window. After being told to leave, the victims left through the back door and defendant followed them, holding the handle of a floor jack which the victim testified had been on the front porch of the house. Defendant contends that it is possible he may have been holding the floor jack handle "absentmindedly" and did not

intend to use the weapon against the victims in the home. While this version of events may be possible, it is not the only possible version of events. Accepting reasonable inferences and reasonable credibility choices and examining the evidence in the light most favorable to the state, we conclude that a rational trier of fact "could have found the essential element of the crime beyond a reasonable doubt" when the jury concluded that defendant intended to commit UUW in the house when he used an object to break through the front window of the house and continued holding that object while climbing through the window.

As to defendant's unpreserved argument, we review for plain error. ORAP 5.45(1); *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). Defendant contends that the trial court committed plain error when the jury found that defendant intended to commit UUW "while in the building or in immediate flight therefrom." Error is "plain" only if the error is (1) one of law; (2) obvious and not subject to reasonable dispute; and (3) "apparent on the face of the record," meaning that this court need not go outside the record or choose between competing inferences in order to find the error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006). Here, defendant was standing five or six feet from the victims in the yard behind the house while holding the floor jack handle, "got in a stance like he was going to use [the floor jack handle]" by swinging it at them, and waved the floor jack handle toward them. Having reviewed the record, we conclude that there was sufficient evidence that defendant intended to use a weapon against the victims while in immediate flight from the house; the trial court did not plainly err by not *sua sponte* granting a motion for judgment of acquittal.

*Jury Instruction on Measure of Damages on Count 6.* Next, defendant contends that the trial court committed plain instructional error with regard to the first-degree criminal mischief charge when it did not provide a supplementary jury instruction "defining the applicable measure of damages." A person commits the crime of first-degree criminal mischief if, "with intent to damage property, and having no right to do so nor reasonable ground to believe

that the person has such right[,]" the person "[d]amages or destroys property of another \*\*\* [i]n an amount exceeding $1,000." ORS 164.365(1)(a)(A). When defendant broke into the victims' house, he broke a window on the front of the house. Defendant argues that, under *State v. Page*, 330 Or App 672, 678, 544 P3d 421 (2024), "the measure of damages to real property that is reasonably susceptible to repair is the cost of restoring the property to its original condition," a standard that is not "common knowledge." The trial court instructed the jury that it had to find that the state proved beyond a reasonable doubt that the "property was damaged in excess of a thousand dollars." Defendant contends that because the state's evidence only established the cost of purchasing a new window, a supplemental jury instruction would have allowed the jury to find that a new window was not necessary to restore the broken window to its original condition, and may have found that the state failed to prove beyond a reasonable doubt that the damage exceeded $1,000.

Here, defendant did not object to the jury instruction at trial and did not offer a supplemental instruction for the trial court to consider, nor does he object to the jury instruction now. "[A] trial court's failure to give an unrequested custom supplemental instruction, where the instructions given were legally correct, does not constitute plain error[.]" *State v. Worsham*, 373 Or 739, 741, 571 P3d 759 (2025), *modified on recons*, 374 Or 781 (2026); *see also State v. Washington*, 355 Or 612, 653, 330 P3d 596 (2014) (stating that a party is "generally entitled to a jury instruction based on its theory of the case if the instruction is warranted by the particular facts and correctly states the law"). Reviewing for plain error, we conclude that the trial court did not err when it gave a legally correct jury instruction and did not give an unrequested supplemental jury instruction.

*Imposition of a Departure Sentence on Count 1.* Next, defendant contends that the trial court erred when it imposed a departure sentence for Count 1 based on defendant's use or threatened use of actual violence because defendant's use or threatened use of actual violence was already captured by an element of the underlying offense,

ORS 164.225(1), which requires the state to prove that defendant caused or attempted to cause physical harm while in a building or in immediate flight therefrom. Defendant concedes that he did not object to the trial court's reliance on actual violence as an enhancement factor to impose a departure sentence on the first-degree burglary conviction. The parties agree that defendant's claim is unpreserved, and we review for plain error.

OAR 213-008-0002(2) provides that when "a factual aspect of a crime is a statutory element of the crime," that aspect of the current crime can be used as an aggravating factor at sentencing "only if the criminal conduct constituting that aspect of the current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime." *See also State v. Ruiz*, 333 Or App 565, 568,

553 P3d 60, *rev den,* 373 Or 121 (2024) ("[G]enerally, if a crime has as an element the use of a dangerous weapon, then the use of a dangerous weapon cannot be used as a sentencing-enhancement fact."). The state contends that it is not enough for defendant to show that "the element of the offense (causing or attempting to cause physical injury) and the sentencing-enhancing factor (using or threatening the use of actual violence toward a witness or victim) rel[ies] on the same factual aspect because the state relied on the same evidence to prove both: defendant waving the jack handle at victims." *See id.* ("But it is not obvious that the use of the same *evidence* to prove both an element and a sentencing-enhancement fact is prohibited by the rule." (Emphasis in original.)).

The state further contends that even if the trial court erred, we should not exercise our discretion to correct the error, in part because it is unlikely that reversal of the single enhancement factor challenged in this case would result in a different sentence on Count 1. The state points to the seven other enhancement factors that the jury considered, in particular several aggravating factors related to defendant's extensive criminal history and the fact that he was under supervision at the time of his offenses. The state also notes that, if defendant had objected to the consideration of

this enhancement factor at trial, the trial court could have "disregarded that factor from consideration," and argues that we therefore should not exercise our discretion to correct any plain error in part because "the trial court never had an opportunity to address" the issue and "prevent the need for another sentencing."

Having reviewed the record, we agree with the state. Even if it was plain error for the trial court to allow the jury to consider evidence of the use of a weapon in the crime as a sentence enhancement factor, which we do not decide here, we would not exercise our discretion to correct the error. Here, the jury found eight total aggravating factors. Because the trial court never had an opportunity to address the issue raised now on appeal, there is nothing in the record to indicate how the trial court weighed any one aggravating factor when imposing defendant's sentence. The record, taken as a whole, supports a conclusion that reversal would not likely result in a different sentence on Count 1. *See State v. Horton*, 327 Or App 256, 264, 535 P3d 338 (2023) (stating that one of the factors this court considered in assessing whether to exercise our discretion to correct plain error is "where it falls on the spectrum of 'likelihood' of having affected the verdict.").

Affirmed.